# HERMAN HECKENKEMPER *et al.*
## *v.*
## JOHN E. DINGWEHRS.

1. SET-OFF — *what is the subject of set-off — and by whom it may be made.* Under the English statute of set-off, demands to be set off must be mutual and due in the same right, but where there is an express agreement to that effect, one defendant in a suit against him and others, jointly, may set off his individual claim.

2. Our statute is more comprehensive than the English statute, embracing claims and demands of any description as subjects of set-off; at the same time, our court has held that an individual demand cannot be set off against a joint demand in a joint action.

3. In an action of debt upon a note under seal, executed by three persons, payable to the order of the plaintiff, "commissioner to sell the real estate of John Nordhouse, deceased," the defendants interposed a special plea, setting forth in substance, that on the 15th of May, 1861, the plaintiff agreed with Heckenkemper, one of the makers, that if he, Heckenkemper, would establish in the Clinton County Court a certain account which he claimed to have against the heirs of John Nordhouse, deceased, as their former guardian, and that the County Court would allow the same to the plaintiff, then the plaintiff would give Heckenkemper credit on the note sued on for the amount so established and allowed; and then averred that Heckenkemper did, at the August Term, 1861, of the County Court, establish the account to the amount of $335, and that the County Court did, at the same time, allow the same to the plaintiff, he then being the guardian of the heirs of Nordhouse; which sum, so established and allowed, the defendants asked to be set off and allowed as a credit on the note, as by the agreement of the parties on demurrer, the court was not inclined to consider the plea as technically a plea of set-off, but as setting up an agreement executed by one of the defendants, to the benefits of which all the defendants were entitled as going to reduce the amount of the recovery against them. The facts stated in the plea, if not available as a set-off, must be available as a payment by one of the defendants, of the sum stated, or it must be considered as a new agreement, which has been fully executed.

4. CONSIDERATION — *what is sufficient.* A very slight consideration is sufficient to support a promise. Here, the fact as shown by the plea, that Heckenkemper proved his claim, and had it allowed by the County Court in favor of the payee of the note, is a good consideration for his promise to indorse the amount of that claim as a credit on the note.

5. CONTRACTS — *of their validity — guardians.* The payee of this note had the power to make the contract set forth in the plea.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of debt brought upon a note under seal, executed by Herman Heckenkemper and two others, to John E. Dingwehrs, the plaintiff below, as "commissioner to sell the real estate of John Nordhouse, deceased." The questions in the case arise upon demurrer to a special plea filed by the defendants, which are fully set forth in the opinion of the court.

Messrs. BUXTON & WHITE, for the plaintiffs in error.

Messrs. SPARKS & O'MELVENEY, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt brought on a sealed note, executed by three persons to the defendant in error, dated April 29, 1861, and payable twelve months after date. To the action the defendants pleaded the general issue, and a special plea, setting forth, in substance, that on the 15th of May, 1861, the defendant in error agreed with Heckenkemper, one of the makers, that if he, Heckenkemper, would establish in the Clinton County Court, a certain account which he claimed to have against the heirs of John Nordhouse, deceased, as their former guardian, and that the County Court would allow the same to the defendant in error, then that defendant in error would give Heckenkemper credit on the note sued on for the amount so established and allowed, and then avers that Heckenkemper did, at the August Term, 1861, of the County Court, establish the account to the amount of three hundred and thirty-five dollars, and that the County Court did, at the same time, allow the same to the defendant in error, he then being the guardian of the heirs of Nordhouse, which sum, so established and allowed, the defendants asked to be set off and allowed as a credit on the note, as by the agreement of the parties.

A demurrer was sustained to this plea, and on trial of the issue, by the court, on the first plea, a verdict and judgment was entered for the plaintiff, for the full amount of the note and interest.

The only error assigned is in sustaining the demurrer to the special plea.

It is insisted by the defendant in error, that the plea was bad, because it sought to set off an individual demand of one defendant against a joint claim, in a joint action against him and others.

Under the English statute of set-off, demands to be set off must be mutual and due in the same right, but where there is an express agreement to that effect, one defendant in a suit against him and others jointly, may set off his individual claim. 1 Ch. Pl. 571. Our statute is more comprehensive than the English statute, embracing claims and demands of any description as subjects of set-off; at the same time this court has held that an individual demand cannot be set off against a joint demand in a joint action.

We do not, however, incline to consider the plea as technically a plea of set-off, but as setting up an agreement executed by one of the defendants, to the benefits of which all the defendants are entitled, as going to reduce the amount of the recovery against them. The agreement was a valid one, and founded on a valuable consideration, and of which the defendant in error has had the full benefit. The plea alleges he has been allowed the amount proved by Heckenkemper to be due him, as the former guardian of the heirs of Nordhouse, by the Probate Court, and it would be inequitable and unjust should he be permitted to recover it again in this action. The facts stated in the plea, if not available as a set-off, must be available, as a payment by one of the defendants, of the sum stated, or it must be considered as a new agreement, which has been executed fully. But the defendant in error insists there is no consideration for such an agreement, nor was he authorized to make such an agreement. As to the consideration, it is well settled that a very slight one is sufficient to support a promise. Ch. on Cont. 32, 33; *Brooks* v. *Ball,* 18 Johns. 337; *Doyle* v. *Knapp,* 3 Scam. 334; and the case of *White* v. *Walker,* 31 Ill. 422, where this question is fully examined. The fact that plaintiff in error proved his claim, and had it allowed by the

County Court in favor of the defendant in error, is a good consideration. That the defendant in error had no power to make such an agreement is not shown. The note is made payable to him, as commissioner to sell the estate of Nordhouse, and he is the guardian of the children whose lands were sold, for which the note was executed. As their guardian, the County Court has allowed to him the amount claimed, of which he can avail, on the final settlement of his accounts with that court, whereas, if he is permitted to recover the amount of Heckenkemper, the latter would be wholly remediless. It would be great injustice to permit the defendant in error to have a two-fold recovery for the same sum. The judgment is reversed and the cause remanded, with leave to take issue on the special plea.

*Judgment reversed.*