## CHARLES RAWSON *vs.* JOSEPH S. RAWSON.

A declaration alleging that the plaintiff signed a promissory note as surety for the defendant, and annexing a copy of the note; that he thereby became liable to pay, and did pay, the amount of the note to its holder; and that the defendant owes him said amount; is good, after verdict, as a declaration for money paid to the defendant's use.

On the trial of an action for money paid to the defendant's use by the plaintiff as surety on a promissory note made by the defendant, evidence that at the time of such payment the defendant had a demand against the payee of the note, which the plaintiff knew, and

that the plaintiff nevertheless paid the note without the defendant's consent and without suit brought thereon, is immaterial, whether their liability on the note was joint or joint and several.

MORTON, J. This is an action of contract to recover money paid by the plaintiff to the use of the defendant. The declaration in substance alleges, that the plaintiff signed the promissory note, (of which a copy is annexed,) as surety for the defendant; that he thereby became liable to pay, and did pay, the amount of the note to the holder thereof; and that the defendant owes him the said amount. This declaration was not demurred to; and we think that, after verdict, it is sufficient as a declaration for money paid to the use of the defendant.

This being so, it is clear that the evidence offered by the defendant, and excluded by the justice who presided at the trial in the superior court, was incompetent. Both the plaintiff and defendant were bound to pay the note to the holder upon demand. It is immaterial whether it is to be regarded as a joint or as a joint and several note. In either aspect, the plaintiff had no defence to a suit brought upon it by Rufus Rawson, the payee and holder. If he had sued the plaintiff separately, it is obvious he could not set off an account due by Rufus Rawson to the defendant; if he had sued both promisors jointly, it is equally clear that the account in favor of one of them could not be set off, the statute providing that "if there are several defendants the demand set off shall be due to all of them jointly." Gen. Sts. c. 130, § 8. The facts, therefore, offered to be proved, that the defendant had a demand against Rawson, that the plaintiff knew it, and that he paid the note without the consent of the defendant, were immaterial.

The plaintiff, being bound by law to pay the note, had a right to do so without a suit, and having paid it is entitled to maintain this action for indemnity. *Warner* v. *Morrison*, 3 Allen, 566. The defendant was not prejudiced by the rulings at the trial, and his *Exceptions are overruled.*

*J. H. Stockwell*, for the defendant.

*F. A. Gaskill*, (*G. F. Verry* with him,) for the plaintiff.