BARNSTABLE SAVINGS BANK *vs.* CALVIN SNOW & others.

Barnstable.   Jan. 29.— April 6, 1880.   MORTON & SOULE, JJ., absent.

In an action by a savings bank, against two persons, upon a joint and several promissory note, the defendants cannot set off, either under the Gen. Sts. c. 130, § 8, or the St. of 1878, c. 261, the amounts severally due them from the bank.

CONTRACT against Calvin Snow, Washington H. Taylor, and Franklin Gould, upon a joint and several promissory note, dated April 26, 1877, payable six months after date, and signed by the first-named defendant as principal, and by the others as sureties. Writ dated September 29, 1879. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court on appeal, on agreed facts in substance as follows:

On May 3, 1878, the plaintiff corporation was perpetually enjoined from doing business, and receivers were appointed who have ever since been winding up its affairs. On March 10, 1879, the defendant Taylor had on deposit in said bank the sum

of $80.37, and the defendant Gould had on deposit in said bank the sum of $548.03; and these deposits were owned and held by the defendants severally before any proceedings were had to restrain said bank from doing its usual business, or the issuing of any order under the St. of 1878, *c.* 73. On said March 10, Taylor and Gould severally tendered to the receivers the deposits and the books and evidences thereof, and offered to set off the same against their indebtedness on the note in suit, the aggregate of their deposits being then the same as the amount due on the note, but the receivers refused the same.

If the court should be of opinion that the receivers ought to accept the tender and offer of set-off, judgment was to be rendered for the defendants; otherwise, for the plaintiff.

*G. A. King,* for the plaintiff.

*H. P. Harriman,* for the defendants.

LORD, J. The defence known as "set-off" is not a common-law defence, but is wholly the creature of statute and is regulated by statute. Although in loose and general language a set-off is spoken of as a defence, this language is in no sense apt or correct as matter of pleading. It is not a denial of the plaintiff's claim, and, in order to be asserted, it must be declared on with the same formality that any demand is declared on in an original writ, and the party against whom it is filed must answer in the same manner as the defendant in any other action. Gen. Sts. *c.* 130, §§ 16, 17. It is substantially a cross action, although under the statute it requires no original writ. Being thus the creature of statute, it can be availed of only in the mode prescribed by statute. The Gen. Sts. *c.* 130, § 8, expressly provide that, "if there are several defendants, the demand set off shall be due to all of them jointly," with an exception wholly unimportant in this case. This statute, therefore, in terms forbids the set-off claimed in this case.

It is contended, however, by the defendants, that they are authorized by the St. of 1878, *c.* 261,* to avail themselves of

* Section 1 of this act, which took effect May 16, 187 is as follows: "Any person indebted to a savings bank in this Commonwealth, whethei his indebtedness is secured or not, may, in any proceeding for the collection thereof, or for the enforcement of any security therefor, set off the amount of any deposit in said bank held and owned by him at the time of the

this set-off. Although this statute does not say in terms that the sum to be set off need not be due from the same persons who are defendants in the pending action to the same persons who are plaintiffs, yet it is contended that by implication such must be its proper construction; that, inasmuch as a depositor in a savings bank had the same right to set off his deposit against a claim of the bank as any other defendant had to set off a claim against any other plaintiff, no new right is given by the statute, it was therefore useless in such view, and it is the duty of the court to find some mode in which it shall have an effective operation; and that the claim which is set up by these defendants is so strictly equitable, and so little violence is done to the language of the statute in adopting this construction, that it is the duty of the court so to construe it, and thus give it efficacy.

This court would be slow to say, under any circumstances, that a statute whose whole force is a reënactment of existing law effected any change in the law. It is within the knowledge of every lawyer that purely declaratory statutes are not infrequently enacted. In this case, however, it may well be doubted whether this is such a law. As we have before seen, a set-off is not a defence. With much more propriety may it be called a cross action; and as a depositor was not authorized to bring an original suit against a savings bank under injunction, the Legislature might have deemed that a set-off was so much in the nature of an action against the bank that it might not be allowed; or, for the purpose of solving or to prevent the raising of the question, whether a set-off might or might not be declared on against such bank, passed the law in question.

Whatever might have been the purpose of the Legislature, or whatever end it might have had in view, it is clear that the law is in no respect changed by that act, unless it be that, under the law as it stood before, no set-off could be pleaded against

commencement of such proceeding and of the interest due thereon: *Provided*, *however*, that this act shall not authorize the set-off of any deposit purchased or acquired from another after the commencement of proceedings in equity to restrain such bank from doing its usual business, or after the issuing of an order under the provisions of chapter seventy-three of the acts of the year eighteen hundred and seventy-eight."

the bank because of its partaking so much of the character of a suit against it.

It is the duty of the court to declare what is, not what ought to be, the law. If equity and justice demand a change in the law, the court has no power to make it; and whenever it is found that existing laws operate unequally or unjustly, the Legislature will be ready to modify or repeal.

Upon this view of the law, there must be

*Judgment for the plaintiff*