JOHN M. BROOKS *vs.* ELIZA STACKPOLE & another.

Suffolk.　November 19, 1896. — June 4, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Promissory Note — Indorser and Co-maker — Declaration in Set-off — Statute.*

Though a person who indorses a note before delivery to the payee is entitled to
notice as an indorser under the Pub. Sts. c. 77, § 15, he is in all other respects
a co-maker, and cannot, under the Pub. Sts. c. 168, § 8, file a declaration in set-off
for a debt due to himself alone.

CONTRACT, upon a promissory note, against Eliza Stackpole
and Stephen Stackpole, the last named of whom filed a declara-
tion in set-off, consisting of a debt due to himself alone; and the
plaintiff demurred, on the ground that the demand in set-off was
due to only one of the defendants, and not to both jointly.　The
Superior Court sustained the demurrer, and Stephen Stack-
pole appealed to this court.　The material facts appear in the
opinion.

*S. H. Dudley*, for Stephen Stackpole.

*O. Storer*, for the plaintiff.

LATHROP, J.　The promissory note in suit, so far as it is
material to state it, is as follows: " $412.00.　Saugus, May 16,
1881.　Six months after date I promise to pay to the order of
John M. Brooks four hundred and twelve dollars.　Value re-
ceived.　Eliza Stackpole."　On the back of the note is the name
of the defendant Stephen Stackpole.　The declaration alleges
the making of the note by the first named defendant; that the
last named defendant indorsed the note before the delivery
thereof to the plaintiff; that demand was duly made on the
maker, who neglected to pay the same; and that due notice
thereof was given to the last named defendant.　The declara-
tion concludes in the usual manner, that the defendants owe the
plaintiff the balance of said note, and interest thereon.

The defendants filed an answer containing a general denial, and
the defendant Stephen Stackpole filed a declaration in set-off.
To this the plaintiff demurred on the ground that the demand
in set-off was due to only one of the defendants, and not to both

of them.   This demurrer was sustained, and an appeal taken to this court.   Subsequently, the case was tried, and a verdict rendered for the plaintiff.   The case is now before us on the appeal of Stephen Stackpole.

The contention in favor of the declaration in set-off is based upon the theory that the defendants in this action were severally liable, one as maker and the other as indorser; that, although these several liabilities could be enforced in one action and in one count, under the Pub. Sts. c. 167, § 4, this section required several judgments according to the several contracts of the defendants, and that one defendant could set off his individual claim against the plaintiff under the Pub. Sts. c. 168.

. But this is not the case made by the pleadings.   The defendant Stephen Stackpole was not an indorser, although under the Pub. Sts. c. 77, § 15, to fix his liability, he was entitled to "notice of non-payment the same as an indorser."   In all other respects he is to be considered as a co-maker of the note. *Mulcare* v. *Welch*, 160 Mass. 58.   *State Trust Co.* v. *Owen Paper Co.* 162 Mass. 156.   *Legg* v. *Vinal*, 165 Mass. 555.

The case therefore falls clearly within the provisions of the Pub. Sts. c. 168, § 8.   *Walker* v. *Leighton*, 11 Mass. 140.   *Warren* v. *Wells*, 1 Met. 80.   *Rawson* v. *Rawson*, 105 Mass. 214.   *Barnstable Savings Bank* v. *Snow*, 128 Mass. 512.

The order of the Superior Court sustaining the demurrer to the declaration in set-off must, therefore, be          *Affirmed.*