Moyses R. Simmons *vs.* Samuel Shaw & others.

Plymouth. October 18, 1898. — February 28, 1899.

Present: Field, C. J., Knowlton, Barker, & Hammond, JJ.

*Judgment — Set-off — Review — Bond — Corporation — Ratification.*

In an action against the principal and sureties on a bond, a judgment against the present plaintiff in another action, which has been assigned to the sureties only, cannot, under Pub. Sts. c. 168, § 8, be set off; and the contention that the present action must be treated as one against the sureties alone cannot be maintained, if, although the principal had not been served with process or entered his appearance when the declaration in set-off was filed, he appeared subsequently.

A petition for review of a judgment against a corporation, signed with the name of the corporation by its president, was filed, and the president affixed the signature and seal of the corporation as principal to a supersedeas bond, which was also executed by two sureties. During the period of more than a year that the petition was pending no suggestion was made that the petition and bond were not the acts of the corporation, and the corporation obtained a stay of the execution under the bond. In an action upon the bond, the corporation, by the same attorney who acted for the sureties, admitted its liability on the bond, and agreed that judgment should be entered against it, but the sureties continued the defence. *Held,* that there was sufficient evidence to support the finding that the corporation ratified the action of its president in executing the bond.

Contract, upon a bond alleged to have been executed by the Scituate Water Company as principal, and by Samuel Shaw and Harry J. Jaquith as sureties, and given under a petition for the review of a judgment obtained by the plaintiff against the Scituate Water Company. At the trial in the Superior Court, before *Braley,* J., the jury returned a verdict for the plaintiff; and the defendant sureties alleged exceptions. The facts appear in the opinion.

*R. O. Harris,* for the defendant sureties.

*A. E. Avery,* (*H. Kingman & H. H. Pratt* with him,) for the plaintiff.

Barker, J. The judgment against the plaintiff which the defendants Shaw and Jaquith sought to set off against him in this action was in form a judgment against him and two other persons. Whether, by reference to Pub. Sts. c. 167, § 4, it could be construed as a several judgment against the present plaintiff, it is not necessary to decide. When the present action was

brought, that judgment had been assigned to the defendants Shaw and Jaquith, and the Scituate Water Company, their codefendant in this suit, had no interest in that judgment. For the reason that the judgment was not due to all of the defendants jointly, it could not be set off in the present action. Pub. Sts. c. 168, § 8. See *Walker* v. *Leighton*, 11 Mass. 140 ; *Warren* v. *Wells*, 1 Met. 80. The contention that the present action must be treated as a suit against the defendants Shaw and Jaquith alone is without foundation. The Scituate Water Company was a co-defendant with them, although it had not been served with process or entered its appearance when the declaration in set-off was filed. Without intimating that the circumstance that their co-defendant was not brought into court would have made any difference with the competency of the set-off if the Scituate Water Company had never been served with process or appeared in this suit, when that company did appear the rights of all parties were to be determined upon the basis that it was a co-defendant with Shaw and Jaquith, and the ruling that the judgment in which they alone had an interest could not be set off was right.

From the evidence it would be competent for the jury to find the following facts.

The defendant Jaquith was president and the defendant Shaw was a director of an incorporated bank. This bank had lent a large sum of money on notes given for the purchase of all the assets of the Smith and Winchester Company from the assignees of that company, and those assets were held by Shaw as a trustee, for his bank. Among those assets was a claim against the Scituate Water Company, and, if the judgment of the present plaintiff against that company should stand, it would impair the value of that claim, which Shaw as trustee wished to enforce for the benefit of the bank. Thereupon Jaquith, who was also a member of a law firm, directed his law partner to bring a petition for review of the judgment which had been rendered in favor of the present plaintiff against the Scituate Water Company. In this petition for review it became necessary to give a supersedeas bond, which must be executed by the Scituate Water Company as principal, and by the sureties. Henry H. Winchester was president of the water company, and he affixed the

signature and seal of that company to the bond now in suit, and the defendants Jaquith and Shaw executed it as sureties. The bond was then approved by a justice of the court, and a stay of execution was granted. The petition for review was signed with the name of the water company by Winchester as president. This petition was conducted by the defendant Jaquith's law partner as attorney for the petitioner, was heard in the Superior Court and there denied, and the petitioner's exceptions were overruled in this court by the decision reported in *Scituate Water Co.* v. *Simmons*, 167 Mass. 313. The most natural inference from the evidence is that the petition for review was in fact instituted and prosecuted under orders from the present defendant Jaquith, with the knowledge and assent of the defendant Shaw, for the benefit of the bank of which the former was president, of which both were directors, and of which Shaw was also a trustee.

Under these circumstances it would require but slight evidence to justify a finding against the defendants Jaquith and Shaw that the execution of the supersedeas bond by Winchester as the bond of the Scituate Water Company had been in fact ratified by that company. The petition for review was filed on September 25, 1895, it was heard in the Superior Court in November, 1895, and the petitioner's exceptions were heard in this court in November, 1896, and were overruled in January, 1897. During the long period in which the petition was pending, no suggestion was made that the petition and the bond given as one step in its prosecution were not the acts of the Scituate Water Company. On the contrary, the water company took advantage of the bond to obtain a stay of execution, and thereafter prosecuted the petition for more than a year.

Besides this, the water company at the trial of the present action, by the same attorney who now acts for the defendants Jaquith and Shaw, admitted its liability on the bond, and agreed that judgment should be entered against the company in this action. No vote of ratification was necessary. *Proprietors of Canal Bridge* v. *Gordon*, 1 Pick. 296. There was sufficient evidence to support the finding of the jury that the company ratified the action of its president in executing the bond, and that finding is decisive of the case.

*Exceptions overruled.*