JOSEPH McLAUTHLIN & another *vs.* SILVANUS SMITH
& another.

Suffolk.   December 15, 1899. — May 15, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Set-off — Contribution — Equity — Practice — Judgment — Decree.*

Part owners of a vessel brought an action at law against a ship's husband to re-
cover their share of a dividend.   The defendant was the survivor of two partners
who had acted as ship's husbands of a barque, which had been on voyages re-
sulting in a loss, six sixty-fourths of which was due from the plaintiffs as owners
of that undivided share in the vessel.   *Held,* that the defendant's claim against
the plaintiffs could not be availed of in set-off.

If, when an action is brought to collect a debt due from the defendant, there is pend-
ing in the same court a bill in equity brought by the defendant against the plain-
tiff to enforce contribution, the defendant should move to have the action at law
continued until the bill in equity reaches a decree, and then move to have the
judgment and decree set off one against the other and execution issued or a final
decree entered for the balance due him or his adversary, as the case may be.

CONTRACT, upon an account annexed.   Trial in the Superior
Court, before *Sheldon,* J., who ruled that the matter offered by
the defendant Smith could not be availed of in set-off, and
directed the jury to return a verdict for the plaintiffs.   The
defendant alleged exceptions, which appear in the opinion.

*A. C. Burnham,* for the defendant.

*E. Lowe,* ( *W. H. Baker* with him,) for the plaintiffs.

LORING, J.   The only question presented in this case is the
right of the defendant Smith, in an action to recover from him
a liquidated sum, to set off the following claim which he has
against the plaintiffs.

The defendant was the survivor of two partners, who had
acted as ship's husband of a barque.   The barque had been on
several foreign voyages, resulting in a loss of $8,707.41, six
sixty-fourths of which was due from the plaintiffs as owners of
that undivided share in the vessel.   When the declaration in
set-off was filed, the bill in the case of *Smith* v. *Butler, ante,* 38,
was pending, and the plaintiffs in this action were defendants
in that suit.

The Superior Court ruled that the defendant's claim against the plaintiffs was not a matter which could be availed of in set-off. That ruling was right.

The claim which it is sought to set off is a claim for contribution, which can only be enforced in a bill in equity brought by the ship's husband, in which those liable to contribute are made parties defendant, (*Smith* v. *Butler*, 164 Mass. 37,) and therefore cannot be made the subject of a declaration in set-off in an action at law brought by one part owner to collect an outside debt due from the ship's husband. Since there was a bill to enforce contribution pending in the same court when the plaintiffs brought their action to collect the debt due from the defendant, the defendant's remedy was plain: he should have moved to have the action at law to recover the outside debt continued until the bill in equity reached a decree, and then have made a motion to have the judgment and decree set off one against the other and execution issued, or a final decree entered for the balance due him or his adversary, as the case might be. The power of the court to order a continuance in case of two actions at law, and to direct execution to issue for the balance between the two judgments, has been practised upon for many years; *Rider* v. *Ocean Ins. Co.* 20 Pick. 259; *Ames* v. *Bates*, 119 Mass. 397, 398, 399; see also Pub. Sts. c. 171, §§ 25, 26, 27; and on the same principle the Superior Court could have set off the judgment and decree one against the other, and issued execution or entered a decree for the balance.

*Exceptions overruled.*