ROSE MᶜGUINNESS *vs.* PATRICK J. KYLE & another.

Suffolk.    January 20, 1911. — April 3, 1911.

President: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Payment.    Pleading, Civil,* Answer.    *Bills and Notes.*

In an action against two defendants upon a joint and several promissory note signed by both of them as makers, the defendants cannot claim a set-off for services severally rendered by them to the plaintiff for which nothing is due to them jointly.

The makers of a joint and several note can make with the payee at the time of the delivery of the note a binding agreement that, when it comes due, the makers shall set off against the note the value of services rendered by them severally to the payee, and in an action by the payee against the makers upon the note, the makers, if they set up such independent collateral agreement in their answer, can rely thereon in defense.

In an action by the payee against the makers of a joint and several note, in which the answer contains only a general denial and an allegation of payment, the defendants cannot rely upon an independent collateral agreement that the payee would set off against the note the value of services to be rendered to him by the makers severally.

In an action against a husband and wife upon a joint and several promissory note of which they were the makers, the defendants in their answer alleged a general denial and payment. At the trial the execution and delivery of the note for a valuable consideration were admitted, and there was evidence that the plaintiff had agreed when the note was given that certain services thereafter to be rendered to the plaintiff by the defendants severally should be credited upon the note, and that such services were rendered. The husband testified that at some time in the year when the note became due the plaintiff said to him that he owed the plaintiff money, to which the husband replied that he did not, that thereupon the two went to see a common friend to whom they explained the matter and who said it was " all right " on the defendants' part, "and they then came away and the plaintiff appeared perfectly satisfied and never made any claim . . . afterward until the bringing of the suit." A verdict for the plaintiff was ordered. *Held,* that the verdict should not have been ordered, because a finding was warranted that the plaintiff and the defendant husband, who acted for both defendants, agreed to set the two claims then due one against the other, and, if the jury so found, each claim would have paid the other and the defense of payment would have been made out.

CONTRACT against a husband and wife upon a joint and several promissory note for $400.    Writ in the Municipal Court of the City of Boston dated September 12, 1906.

The answer was a general denial and payment.

The defendants also filed a declaration in set-off upon an

account annexed containing ten items for various services alleged to have been rendered for the plaintiff, the items aggregating $495. The bill of exceptions stated that the set-off was "for services rendered, mainly by the defendant Patrick J. Kyle, and partly by the defendant Mary F. Kyle, under the circumstances and agreement stated in" the testimony.

In the Superior Court the case was tried before *Stevens*, J. The facts material to an understanding of the decision are stated in the opinion. At the close of the evidence the defendant asked the presiding judge to instruct the jury "(1) that they had a right under the evidence in this action, if the jury believed the defendant Patrick J. Kyle, to set off the value of the services charged in the defendants' declaration in set-off against the note in said suit, (2) that the jury, if they believed the defendant Patrick J. Kyle, would have the right to have the value of the services so charged in said declaration in set-off allowed as payments on account of said note." The judge refused to give either instruction asked for. In reply to an inquiry by the judge, the defendants' counsel stated that it was admitted that the note was given by the defendants, and that the defendants contended that there were services rendered by each one of the defendants, that it was agreed when the note was given to the plaintiff that the services rendered by each of the defendants should be set off by the plaintiff upon the note, and that under those circumstances the defendants had the right to set off under that agreement the value of the services which each of the defendants rendered; and also that, under the evidence in the case, the defendants had a right to show that the services rendered and payments made by the defendants, in the way that the evidence disclosed, amounted to a payment of the note.

The presiding judge then said that the only question was, whether it could be said in any sense of the word, that the services were payments; that they could not be set off; and he ordered the jury to return a verdict for the plaintiff in the sum of $488.83, and a verdict for the plaintiff on the defendants' declaration in set-off. The defendants alleged exceptions.

The case was submitted on briefs.

*W. B. Orcutt*, for the defendants.

*M. W. Breck*, for the plaintiff.

LORING, J.   The presiding judge was right in ruling that the declaration in set-off could not be sustained (if for no other reason) because the sums there relied on were not due to the defendants jointly.   *Barnstable Savings Bank* v. *Snow,* 128 Mass. 512.   *Walker* v. *Leighton,* 11 Mass. 140.

The defendant Kyle testified " that at the time the note was given, he told the plaintiff that the pay for the services which he had already rendered for the plaintiff and for the further services which he and his wife should thereafter render for the plaintiff or any persons connected with her in certain court cases, would be taken out of the note, and that the plaintiff in reply said that was all right."   This was in effect, or could have been found by the jury to have been in effect, an agreement that when the note came due the plaintiff on one side and the two defendants on the other should have a settlement by setting off, one against the other, these separate claims which otherwise would not be the subject of set-off.   *Borden* v. *Sackett,* 113 Mass. 214. *Johnson & Kettell Co.* v. *Longley Luncheon Co.* 207 Mass. 52, 57.   There is nothing to prevent parties from making an agreement that on the maturity of a claim due from the defendant to the plaintiff a claim then due from the plaintiff to the defendant arising out of a separate transaction should be settled and one set off against the other.   Such an agreement is an independent collateral agreement and does not contradict the contracts between the parties which gave rise to the separate claims.   See *Crosman* v. *Fuller,* 17 Pick. 171; *Kinnerley* v. *Hossack,* 2 Taunt. 170; *Jones* v. *Snow,* 64 Cal. 456; *Heckenkemper* v. *Dingwehrs,* 32 Ill. 538; *Hall* v. *Paris,* 59 N. H. 71.

If there had been nothing more in the defendants' case than this testimony of the defendant Kyle, the presiding judge would have been right in directing a verdict for the plaintiff because the defendants had pleaded payment, not an agreement to set off claims not the subject of set-off.

But there was more than that in their case.   Kyle further testified that some time in 1906 (the year the note became due) the plaintiff said to him that he owed her money and he said he did not, and thereupon they went to see a common friend and explained the matter to him and the friend said it was all right on Mr. Kyle's part, " and they then came away and the plaintiff

appeared perfectly satisfied, and never made any claim on him afterward until the bringing of the suit." This warranted a finding that the plaintiff and the defendant Kyle (acting for both defendants) agreed to set the two claims then due one against the other. If they did, each in legal contemplation paid the other, as was decided in *Breck* v. *Barney*, 183 Mass. 133, and the defense of payment was made out.

*Exceptions sustained.*