ISAAC BACHRACH *vs.* COMMISSIONER OF BANKS.

Suffolk.    May 23, 1921. — June 29, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Indorser. *Equity Jurisdiction,* Equitable set-off. *Set-off.*

A note made by a corporation was payable to a Massachusetts trust company, was indorsed by one who owned all the shares of the corporation maker, was secured by a mortgage of real estate owned by the corporation and was held among the assets of the savings department of the trust company as an investment of the deposits therein. After the note became due and after the commissioner of banks had taken possession of the trust company under G. L. c. 167, §§ 22, 36, the indorser by a suit in equity against the commissioner, sought to compel the application of a deposit made by the indorser in the savings department of the trust company to the satisfaction of the note and mortgage. *Held,* that

(1) The provisions of G. L. c. 168, §§ 1, 35, in substance that any person indebted to "a savings bank and an institution for savings incorporated as such in this Commonwealth" may set off the amount of his deposit in the bank in a proceeding for the collection of the debt due from him, are not applicable to savings departments of trust companies;

(2) The statute of set-off, G. L. c. 232, did not afford the plaintiff relief;

(3) The plaintiff's right of set-off being regulated by statute, the doctrine of equitable set-off was not applicable;

(4) The suit must be dismissed.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 6, 1921, and afterwards amended, by a debtor to and creditor of the Tremont Trust Company in Boston against the commissioner of banks of the Commonwealth in possession of the said trust company, to compel him to apply a deposit made by the plaintiff in the savings department of the trust company to the satisfaction

of a mortgage note, made by a corporation, of which the plaintiff was the treasurer and owner of all the shares, and indorsed by the plaintiff, and thereupon to cancel and discharge the note and mortgage secured thereby.

The suit came on to be heard before *Braley, J.*, upon the pleadings and an agreed statement of facts, material portions of which are described in the opinion, and was reserved by him for the determination of the full court.

The case was submitted on briefs.

*F. L. Norton*, for the plaintiff.

*D. L. Smith*, for the defendant.

DE COURCY, J.  The defendant, commissioner of banks of the Commonwealth, on February 17, 1921, took possession of the property and business of the Tremont Trust Company under St. 1910, c. 399, as amended (now G. L. c. 167, §§ 22, 36), and has since retained such possession.  Among the assets of its savings department, and held as an investment of the deposits therein, was a note of the Bachrach Lumber Company for $4,000 secured by a first mortgage of its real estate.  The note was dated November 15, 1917, payable in two years, and interest thereon had been paid in advance to May 15, 1921.  Among the liabilities of the trust company was an account, in its savings department, to the credit of I. Bachrach, the plaintiff, for $5,065.  The plaintiff owns all the stock of the Bachrach Lumber Company; and said mortgage note was indorsed by him, waiving demand and notice.  He brings this bill to compel the defendant to apply $4,000 of this savings account in payment of said mortgage note.

In ordinary commercial banks the legal relation between the bank and a general depositor is that of debtor and creditor; and where the depositor owes the bank he may set off his deposit against the indebtedness, even though the bank has become insolvent.  *Demmon* v. *Boylston Bank*, 5 Cush. 194.  *Colt* v. *Brown*, 12 Gray, 233.  *National Mahaiwe Bank* v. *Peck*, 127 Mass. 298. Deposits in the savings department of a Massachusetts trust company have in general the incidents of a deposit in a savings bank.  *J. S. Lang Engineering Co.* v. *Commonwealth*, 231 Mass. 367.  They are made "special" deposits, and all loans or investments thereof must be made in accordance with the law governing the investment of deposits in savings banks.  G. L. c. 172, § 61.

Section 62 of that act provides: " Such deposits and the investments or loans thereof shall be appropriated solely to the security and payment of such deposits, shall not be mingled with the investments of the capital stock or other money or property belonging to or controlled by such corporation, or be liable for the debts or obligations thereof until after the deposits in said savings department have been paid in full. The accounts and transactions of said savings department shall be kept separate and distinct from the general business of the corporation." In our savings banks, where all the funds and investments are held solely for the benefit of the depositors, the legal relation between bank and depositor is substantially that of trustee and *cestui que trust.* *Greenfield Savings Bank* v. *Abercrombie,* 211 Mass. 252. The depositors all have a common interest in the invested funds, and each is entitled to his proportionate share of the profits. In case the bank becomes insolvent, to allow a depositor to offset his deposit at its face value against his debt due to the bank, would give him a greater share of the assets than his non-borrowing fellow depositors; and such set-off is not allowed in the absence of statutory regulation. *Kelly* v. *Commissioner of Banks, post,* 298. *Hall* v. *Paris,* 59 N. H. 71. *Hannon* v. *Williams,* 7 Stew. 255. *Lippitt* v. *Thames Loan & Trust Co.* 88 Conn. 185, 193.

It was enacted by St. 1878, c. 261, that any person indebted to a savings bank in this Commonwealth may, in any proceeding for the collection thereof, set off the amount of his deposit in the bank. *North Bridgewater Savings Bank* v. *Soule,* 129 Mass. 528. In later re-enactments this provision was made applicable to "a savings bank and an institution for savings, incorporated as such in the Commonwealth." G. L. c. 168, §§ 1, 35. But as this statute has not been extended to cover deposits in the savings department of trust companies, it cannot avail the petitioner.

Nor does the statute of set-off afford him relief. The mortgage and note held by the trust company were made by the Bachrach Lumber Company, — which is a separate legal entity from the depositor, Isaac Bachrach, — even though he owned all the capital stock. *Brighton Packing Co.* v. *Butchers Slaughtering & Melting Association,* 211 Mass. 398, 403. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 498. The plaintiff is only secondarily liable on the note, as indorser. Even if he were sued

upon a joint and several note of himself and the corporation he could not set off the amount due to him from the bank, as the claim set off would not be "due from all of the plaintiffs jointly and to all of the defendants jointly." G. L. c. 232, § 3. *Barnstable Savings Bank* v. *Snow,* 128 Mass. 512. *Brooks* v. *Stackpole,* 168 Mass. 537. As the plaintiff's right of set-off is regulated by statute, the doctrine of equitable set-off, which was applicable to the facts in *Merrill* v. *Cape Ann Granite Co.* 161 Mass. 212, and *Cromwell* v. *Parsons,* 219 Mass. 299, has no application here, where the plaintiff seeks to apply these *quasi* trust funds to the satisfaction of his debt, at the expense of the other depositors.

*Bill dismissed.*