PLYMOUTH COUNTY TRUST COMPANY *vs.* CORNELIUS H.
THORNELL & another.

Plymouth.   December 6, 1934. — June 24, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Set-off. Trust Company*, In liquidation.   *Words,* "Several."

The word "several" in G. L. (Ter. Ed.) c. 232, § 3, comprises two, as
well as more than two, plaintiffs or defendants.

In an action by a trust company in the possession of the commissioner of
banks for liquidation against two defendants upon a joint and several
promissory note made by them and held in its commercial department,
one of the defendants, by reason of G. L. (Ter. Ed.) c. 232, § 3, could
not set off the amount of a deposit which he had in that department
of the trust company at the time when the commissioner took pos-
session.

CONTRACT.   Writ in the District Court of Brockton dated
July 21, 1933.

Upon removal to the Superior Court, the action was heard
by *O'Connell,* J., without a jury.   Material facts are stated
in the opinion.   The judge found for the plaintiff on its·
declaration in the sum of $1,633.86, and for the plaintiff on
the declaration in set-off, and reported the action for deter-
mination by this court.

The case was submitted on briefs.

*J. E. Handrahan,* for the defendants.

*I. M. Rubin,* for the plaintiff.

RUGG, C.J.   This is an action of contract to recover the
balance of $1,436.43 due on a joint and several promissory
note made by both defendants, who are husband and wife,
to the order of the plaintiff.   The commissioner of banks·
took possession of the plaintiff on December 17, 1931, for
purpose of liquidation under the statute.   On that date
Cornelius H. Thornell was a depositor in the commercial
department of the plaintiff with $635.73 standing to his
credit.   On December 15, 1932, a dividend was declared in
favor of depositors in the commercial department of the

plaintiff and the amount due Cornelius H. Thornell on that dividend, $63.57, was credited on the principal of the note. Clearly this was credited as a cash payment and not as a claim in set-off.

In the present action Cornelius H. Thornell filed a declaration in set-off alleging that he was a depositor in the commercial department of the plaintiff on December 17, 1931, that it was then indebted to him as such depositor in the sum of $635.73, and that he was entitled to have that sum, less the dividend paid him in liquidation, set off against his indebtedness on the note. The plaintiff filed answer to this declaration in set-off to the effect that there was nothing due to the defendants jointly.

The rights of the parties depend upon these words in G. L. (Ter. Ed.) c. 232, § 3: "If there are several plaintiffs or defendants, the claim set off shall be due from all of the plaintiffs jointly and to all of the defendants jointly . . . ." The word "several" in this statute comprises two as well as more than two plaintiffs or defendants. This action is brought against both defendants jointly. Both are primarily liable on the note as persons absolutely required to pay it. G. L. (Ter. Ed.) c. 107, § 19. The case at bar in this respect differs from *Commissioner of Banks* v. *T. C. Lee & Co. Inc.*, *post*, 191, where maker and indorser were joined as defendants in a single action under G. L. (Ter. Ed.) c. 231, § 4, and where, since the liability was several and not joint, the right of set-off in favor of the indorser on his deposit account in the closed bank was preserved. *Rossi Bros. Inc.* v. *Commissioner of Banks*, 283 Mass. 114, 120.

It is manifest that the claim here sought to be set off is due from the plaintiff to the defendant Cornelius H. Thornell alone. The other defendant has no interest in it. It is not due jointly to the two defendants. The right of set-off here asserted is wholly the creature of statute. The words of the governing statute do not permit a set-off on these facts. That is settled by authority. *Barnstable Savings Bank* v. *Snow*, 128 Mass. 512. *Brooks* v. *Stackpole*, 168 Mass. 537. *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272, 275. The ruling of the trial judge to that effect was right.

In accordance with the terms of the report judgment is to be entered for the plaintiff for $1,633.86 with interest from the date of finding to the date of judgment.

*So ordered.*