## ULIN v. DEITRICK.

### DEITRICK v. ULIN.

#### Nos. 3133, 3134.

Circuit Court of Appeals, First Circuit.

June 25, 1936.

George B. Rowlings, of Boston, Mass. (Tyler, Eames, Wright & Reynolds, Charles A. Rome, Lewis H. Weinstein, and Joseph Sugarman, all of Boston, Mass., on the brief), for Ulin.

Murray F. Hall and Donald J. Hurley, both of Boston, Mass. (Goodwin, Proctor & Hoar, of Boston, Mass., on the brief), for Deitrick.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

These are cross-appeals from a judgment of the federal District Court for Massachusetts of October 21, 1935, wherein the defendant recovered the sum of $4,393.02, with interest from the date of the writ amounting to $777.57, and his costs. The action was originally brought by Walter A. Kennedy, the plaintiff in Kennedy v. Boston-Continental Nat. Bank (C.C.A.) 84 F.(2d) 592, Nos. 3131–3132, just decided, but, by amendment, Harris Ulin was substituted as plaintiff in place of Kennedy.

In his declaration the plaintiff alleged that the defendant owed him the sum of $5,329.02, with interest thereon, for the use and occupation of the premises in controversy in Nos. 3131–3132, from January 1, 1932, to August 19, 1932, inclusive, at the rate of $700 per month, or $5,329.02, with interest. The defendant filed a declaration in set-off wherein it was alleged that the plaintiff on December 16, 1931, was and since then had been the owner and registered holder of 46.8 shares of the capital stock of the Boston-Continental National Bank, having a par value of $20; that on December 17, 1931, the Comptroller of the Currency took over the bank, etc.; that on July 11, 1932, the Comptroller made an assessment upon all

persons then being stockholders of the bank, payable on or before August 18, 1932, and required each shareholder, including the plaintiff to pay $20 on each and every share of stock held by him or them; that on August 10, 1932, the plaintiff was notified of the assessment and required to pay the same on or before August 18, 1932; that the plaintiff had paid nothing on the assessment and that the sum of $936, with interest thereon, was due and owing from the plaintiff to the defendant as receiver. In the second count of the declaration of set-off the defendant pleaded as an off-set the plaintiff's note for $11,238.82, which was allowed the defendant as a set-off in Nos. 3131–3132.

The District Court allowed the assessment of $936 as a set-off, disallowed the note for $11,238.82, as it had previously allowed it in the prior suit, and awarded the plaintiff judgment for the balance of $4,393.02, with interest, as above stated.

The plaintiff assigns as error that the court erred in allowing the assessment of $936 as a set-off, and the defendant claims that the court erred in not allowing him as a set-off the note of $11,238.82.

As the second of the three notes is more than sufficient to cover any and all claims allowed the plaintiff on the appeals in that action, and as these cases were tried together, we think the defendant would be entitled to have the note for $11,238.82 set off in this action against the plaintiff's claim for use and occupation of the premises, as it is a claim for an amount ascertainable by calculation, if the plaintiff's claim was for a liquidated amount or may be ascertained by calculation. Mass.Gen.Laws (Ter.Ed.) c. 232, § 1. But as the plaintiff's suit for use and occupation is not for an amount which is liquidated or that may be ascertained by calculation, neither the note, nor the assessment, could be set off against the plaintiff's unliquidated claim. Mass.Gen. Laws, c. 232, § 1. The defendant should have reduced his claims on the assessment and on the note to a judgment in an independent suit and then that judgment could have been set off against the plaintiff's judgment in this action. McLauthlin v. Smith, 176 Mass. 46, 57 N.E. 216.

Had it appeared in the bill of exceptions in this case, as in Nos. 3131–3132,

that Ulin on March 3, 1932, had assigned the lease with all rights therein that had accrued or were to accrue, to Kennedy, it would be extremely doubtful whether Ulin could have maintained the action for use and occupation of the premises from January 1, 1932, to the time of the termination of the lease in August, 1932. In that situation it would seem that Ulin had no right to the use and occupation of the premises prior to the termination of the lease; that Kennedy had the right against the bank to the rents during the period from January 1, 1932, to the termination of the lease, and likewise the right to the avails of the use of the premises by the receiver during the period. No such question, however, is raised in the case.

The set-offs claimed by the defendant are disallowed.

The judgment of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the plaintiff, appellant.