No. 2852         Northern         Essex, ss.

SIMON FINE                (George Karelitz)

v. CITY FIVE CENTS SAVINGS BANK (Ryan & Cleary)

From the Central District Court of Northern Essex—
Cavan, J.

Argued April 15, 1941—Opinion Filed May 12, 1941

PETTINGELL, A.P.J.—(Wilson, & Henchey, JJ.)—Action of contract to recover a deposit in the defendant bank standing in the name of the plaintiff. The declaration is in two counts, the first for money had and received, and the second alleging that the plaintiff has thirty-eight hundred dollars on deposit with the defendant which it has refused to pay the plaintiff on demand.

The answer is a general denial and an allegation that the defendant had applied two thousand and twenty-three and twenty-two hundredths dollars of the deposit of the said plaintiff in payment of a mortgage note, leaving a balance of seventeen hundred seventy-six and seventy-eight hundredths dollars.

There was evidence that the plaintiff and a co-maker executed and delivered to the defendant in 1913 a promissory note for twenty-one hundred dollars payable on demand, secured by a mortgage of real estate; that in April, 1920, the plaintiff and the co-maker sold the real estate, described in the mortgage, to a third party who endorsed on the note a guaranty and a promise to pay; that from that time on the third party paid the interest on the note; that in 1940, the defendant's Board of Investment empowered its officers to collect the amount due on the note by foreclosure or otherwise; that at that time there was no interest due on the mortgage; that no demand for pay-

ment of the note was made upon the plaintiff and the other co-maker or upon the guarantor; that at that time the market value of the real estate described in the mortgage was between eight hundred dollars and one thousand dollars; that on April 17, 1940, the defendant bank wrote the plaintiff that it had on that day applied two thousand twenty-three and twenty-two hundredths dollars of his deposit to the payment of the amount due on the note; that the plaintiff at no time had any knowledge that the defendant intended so to apply money from his deposit and at no time consented to such application; that on June 5, 1940, the plaintiff and his attorney went to the defendant bank and presented the deposit book with a written order in proper form, signed by the plaintiff, and directing the payment to the plaintiff of the amount due on the deposit; that payment was refused.

In the case at bar the defendant seeks to justify its application of the plaintiff's deposit in payment of the note, of which he is a co-maker, on the ground that it had a right so to apply it. That right is not shown to be a matter of special contract. See *McGuinness* v. *Kyle*, 208 Mass. 443, at 445, 446. It is not created by any statute. G. L. (Ter. Ed.) c. 168, s. 35, which gives a savings bank depositor a right to set off the amount of his deposit against his indebtedness to the bank, does not mention any similar right given to the bank. It deals only with the rights of "any person indebted to such corporation." The only statute which could give any right of set-off to the bank is the general statute, G. L. (Ter. Ed.) c. 232, ss. 1 and 3. The plaintiff contends that even under this statute the bank has no such right. We do not consider it necessary to pass upon that contention.

To determine what rights the defendant bank had when it applied the plaintiff's deposit, it is necessary to consider what defence it could have presented if it had been sued by the plaintiff before the deposit was applied. In such an action it would have had to plead a set-off. In this action the same result is reached by its equitable answer that it had a right of set-off and used it.

In *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272, at 274, the court said of the depositor, Bachrach:

"Even if he were sued upon a joint and several note of himself and the corporation, he could not set off the amount due him from the bank, as the claim set off would not be 'due from all of the plaintiffs jointly and to all the defendants jointly. G. L. C. 232, section 3.' "

If the depositor, in an action against him on a joint and several note (here it is a joint note), could not set off his deposit in the bank, logic would seem to require the converse result, that in an action against the bank by the depositor the bank cannot maintain a set-off based on a claim against the depositor and another jointly. On the authority of several cases

already cited, under such circumstances there is an entire absence of mutuality, *Reed* v. *Whitney*, 7 Gray 533, *Bridgham* v. *Tileston*, 5 Allen 371, *McLauthlin* v. *Smith*, 176 Mass. 46.

This particular issue was passed upon by the Indiana Supreme Court in 1938 in the case of *Teeters* v. *City National Bank of Auburn*, 14 N. E. 1004, 118 A. L. R. 383. The plaintiff and two others executed a promissory note, the plaintiff and one other maker being actually sureties for the plaintiff's husband, the third maker. After the husband's death, the bank charged the note against a deposit in the name of the plaintiff. The trial court decided against the plaintiff. In a carefully considered opinion the Appellate Court ruled that there was no mutuality existing between the bank's claim against the makers of the note and the plaintiff's claim against the bank, and granted the plaintiff a new trial.

In the annotation which follows that case, 118 A. L. R. 386 n., it is stated that the law in Illinois is contra. As the Indiana decision is in accord with the Massachusetts cases already cited, we feel bound to follow it.

In our opinion the defendant bank had no authority, or justification in law, in applying the plaintiff's deposit in extinguishment of a joint liability of the plaintiff and a third party. There being no right of set-off, it was prejudicial error to deny the plaintiff's twelfth requested ruling, "That upon all the evidence the defendant, mutual savings bank, had no right of set-off against the deposits of the plaintiff," and to rule that "The defendant had a right to set off the claim owing to it by the plaintiff against its obligation to the plaintiff on April 17, 1940, because the defendant's claim against the plaintiff was not fully protected by the collateral security."

Inasmuch as the defendant had no right of set-off, the plaintiff should have recovered the entire amount of his deposit and not the balance remaining after the application of his deposit to the extinguishment of the note.

The present finding for the plaintiff is to be vacated and judgment is to be entered for the plaintiff in the amount of thirty-eight hundred dollars ($3,800).