Pettt-ngell, A. P. J.
Action of contract to recover a deposit in the defendant bank standing in the name of the plaintiff. The declaration is in two counts, the first, for money had and received, and the second, alleging that the plaintiff has thirty-eight hundred dollars on deposit with the defendant which it has refused to pay the plaintiff on demand.
The answer is a general denial and an allegation that the defendant had applied two thousand and twenty-three and *199 twenty-two hundredths dollars (2023.22) of the deposit of the said plaintiff in payment of a mortgage note, leaving a balance of seventeen hundred seventy-six and seventy-eight hundredths dollars ($1776.78).
There was evidence that the plaintiff and a co-maker executed and delivered to the defendant in 1913 a promissory note for Twenty-one hundred dollars ($2100), payable on demand, secured by a mortgage of real estate; that in April, 1920, the plaintiff and the co-maker sold the real estate, described in the mortgage, to a third party who endorsed on the note a guaranty and a promise to pay; that from that time on the third party paid the interest on the note; that in 1940, the defendant’s Board of Investment empowered its officers to collect the amount due on the note by foreclosure or otherwise; that at that time there was no interest due on the mortgage; that no demand for payment of the note was made upon the plaintiff and the other co-maker or upon the guarantor; that at that time the market value of the real estate described in the mortgage was between eight hundred dollars ($800) and one thousand dollars ($1000); that on April 17, 1940, the defendant bank wrote the plaintiff that it had on that day applied two thousand twenty-three and twenty-two hundredths dollars ($2023.22) of his deposit to the payment of the amount due on the note; that the plaintiff at no time had any knowledge that the defendant intended so to apply money from his deposit and at no time consented to such application; that on June 5, 1940, the plaintiff and his attorney went to the defendant bank and presented the deposit book with a .written order in proper form, signed by the plaintiff, and directing the payment to the plaintiff of the amount due on the deposit; that payment was refused.
*200 . The. plaintiff filed nineteen requests for rulings, the disposition of which will be considered later. The defendant filed four requests for rulings of which two were given and two were denied. There was a finding for the plaintiff in the amount of eighteen hundred and sixty-three and forty-four hundredths dollars, ($1863.44), the balance remaining after the extinguishment of the note by the use of the deposit. The report contains all the evidence material to the questions reported.
The plaintiff’s main contentions are three in number.
1. That to maintain his claim in set-off the defendant must file a declaration in set-off.
2. That a mutual savings bank does not have a right of set-off against its depositors.
3. The defendant bank had no right of set-off against the plaintiff’s deposit.
The defendant’s answers to the plaintiff’s contentions are that it does not now claim a set-off, having applied the plaintiff’s money before this action was brought, and that its answer is an equitable defense, setting up its justification for so applying it; that a mutual savings bank has a right of set-off because by statute the depositor is given such a right and that therefore the bank has a similar right; that in setting-off the plaintiff’s deposit against the note executed by the plaintiff and a co-maker, the defendant was acting within its rights.
The trial judge granted the plaintiff’s ninth request to the effect “That upon all the evidence the defendant is a mutual savings bank”. In his findings of fact the trial judge found that the plaintiff was a “co-maker” of the promissory note against which the defendant set-off the *201 plaintiff’s deposit; we understand this to mean that..the plaintiff’s liability on the note was .joint and not joint and several. The note was present at the oral argument and in answer to a question by the court, counsel for both parties agreed that the note is joint and not joint and several.
The right of set-off is not a common law right but is a statutory provision. It is not a defense to an action but is the “assertion of a counter, distinct, and independent demand and cause of action, affording, to the extent to which it is sustained, a legal reason why the defendant should not be called upon to pay the demand sued.” Fiske v. Steele, 152 Mass. 260, at 261.
From the very early days, however, the statute has always provided (See G. L. (Ter. Ed.) C. 232, Section 3), that a claim to be set off against the plaintiff’s demand must be one which is mutual in its nature, that if there are one or more plaintiffs or defendants, a claim to be set off must be one which concerns all the parties, and no others. As the old cases say, to be capable of set-off the claims must be “due in the same right”.
“If there be several plaintiffs in a suit no demand which is not due from them all can be set off against their claim.” Crittenden v. Alexander, 15 Gray 432. Emerson v. Baylies, 19 Pick 55, at 59, 60. Williams v. Ocean Ins. Co., 2 Met. 303, at 306, 307.
Where two defendants are sued upon a joint and several liability, they cannot set off amounts severally due them from the plaintiff. Barnstable Savings Bank v. Snow, 128 Mass. 512, at 513. McGuinness v. Kyle, 208 Mass. 443, at 445. Bachrach v. Commissioner of Banks, 239 Mass. 272, at 274, 275.
*202 In an action where a plaintiff sues two jointly, a several claim of- one defendant against the plaintiff is not a proper subject of set-off. Walker v. Leighton, 11 Mass. 140, at 142. Fuller v. Wright, 18 Pick. 403, at 406. Warren v. Wells, 1 Met. 80 at 81. Brooks v. Stackpole, 168 Mass. 537, at 538. Simmons v. Shaw, 172 Mass. 516, at 517. Plymouth County Trust Co. v. Thornell, 291 Mass. 189, at 190.
If one defendant is sued alone, a claim which the defendant has against the plaintiff and another, jointly, is not a good set-off. Dehon v. Stetson, 9 Met. 341, at 344. Reed v. Whitney, 7 Gray 533 at 535. Bridgham v. Tileston, 5 Allen 371, at 372. McLauthlin v. Smith, 176 Mass. 46, at 47.
The distinction running through all the cases is that only those claims are entitled to set-off in which all the parties are in court and all the several rights are concluded. Mutuality is such a necessary element that a defendant who owns all the capital stock of a corporation cannot, as a defendant, set off against his personal liability a debt due the corporation. Bachrach v. Commissioner of Banks, 239 Mass. 272, at 274. Bates v. Cosmopolitan Trust Co., 240 Mass. 162, at 167. Commonwealth Trust Co. v. S. Vorenberg Co., 245 Mass. 317, at 319.
In the case at bar, the defendant seeks to justify its application of the plaintiff’s deposit in payment of the note, of which he is a co-maker, on the ground that it had a right so to apply it. That right is not shown to be a matter of special contract. See McGuinness v. Kyle, 208 Mass. 443, at 445, 446. It is not created by any statute. G. L. (Ter Ed.) C. 168, Section 35, which gives a savings bank depositor a right to set off the amount of his deposit against his indebtedness to the bank, does not mention any similar right given to the bank. It deals only with *203 the rights of “any person indebted to such corporation”. The only statute which could give, any right of set-off to the bank is the general statute, G. L. (Ter. Ed.) C. 232, Sections 1 and 3. The plaintiff contends that even under this statute the bank has no such right. We do not consider it necessary to pass upon that contention.
To determine what rights the defendant bank had when it applied the plaintiff’s deposit, it is necessary to consider what defence it could have presented if it had been sued by the plaintiff before the deposit was applied. In such an action it would have had to plead a set-off. In this action the same result is reached by its equitable answer that it had a right of set-off and used it.
In Bachrach v. Commissioner of Banks, 239 Mass. 272, at 274, the court said of the depositor, Bachrach:
“Even if he were sued upon a joint and several note of himself and the corporation, he could not set off the amount due him from the bank, as the claim set off would not be ‘due from all of the plaintiffs jointly and to all the defendants jointly. G. L. C. 232, Section 3’”.
If the depositor, in an action against him on a joint and several note, (here it is a joint note), could not set off his deposit in the bank, logic would seem to require the converse result, that in an action against the bank by the depositor, the bank cannot maintain a set-off based on a claim against the depositor and another jointly. On the authority of several cases already cited, under such circumstances there is an entire absence of mutuality, Dehon v. Stetson, 9 Met. 341, at 344. Reed v. Whitney, 7 Gray 533, at 535. Bridgham v. Tileston, 5 Allen 371, at 372. McLauthlin v. Smith, 176 Mass. 46, at 47.
*204 This particular issue was passed upon by the Indiana Supreme Court, in 1938, in the case of Teeters v. City National Bank of Auburn, 14 N. E. 1004, 118 A. L. R. 383. The plaintiff and two others executed a promissory note, the plaintiff and one other maker being actually sureties for the plaintiff’s husband, the third maker. After the husband’s death, the bank charged the note against a deposit in the name of the plaintiff. The trial court decided against the plaintiff. In a carefully considered opinion, the appellate court ruled that there was no mutuality existing between the bank’s claim against the makers of the note and the plaintiff’s claim against the bank, and granted the plaintiff a new trial.
In the annotation which follows that case, 118 A. L. R. 386 n., it is stated that the law in Illinois is contra. As the Indiana decision is in accord with the Massachusetts cases already cited, we feel bound to follow it.
In our opinion, the defendant bank had no authority, or justification in law, in applying the plaintiff’s deposit in extinguishment of a joint liability of the plaintiff and a third party. There being no right of set-off, it was prejudicial error to deny the plaintiff’s twelfth requested ruling, “That upon all the evidence the defendant, mutual savings bank, had no right of set-off against the deposits of the plaintiff”, and to rule that “The defendant had a right to set-off the claim owing to it by the plaintiff against its obligation to the plaintiff on April 17, 1940, because the defendant’s claim against the plaintiff was not fully protected by the collateral security.”
Inasmuch as the defendant had no right of set-off, the plaintiff should have recovered the entire amount of his deposit and not the balance remaining after the application of his deposit to the extinguishment of the note.
*205 The present finding for the plaintiff is to be vacated and judgment is to be entered for the plaintiff in the amount of thirty-eight hundred dollars ($3800).