## Haller vs. Willamowicz.

Where articles of co-partnership provide that one partner shall exclusively manage the affairs of the concern, and the other partner violates such provision by intermeddling with them, and losses are thereby sustained, they are to be borne exclusively by the intermeddling party; but upon its being shown that such acts were expressly assented to, the articles of partnership will, in a court of chancery, be considered as waived.

Where one partner commits an injury to the individual property of the other, used in the partnership business, the damage cannot be brought into the partnership account—the remedy is by action at law.

Partners are not entitled to charge for their services in the business, unless there is a special agreement to that effect, or one can be implied from the course of business.

The entries made in the partnership books are evidence for and against each partner, unless one has been denied access to them; and especially are they evidence when supported by the sworn answer of a partner from whom discovery is sought.

*Appeal from Pulaski Circuit Court.*

Hon. H. F. Fairchild, Chancellor.

Garland, for the appellant.

Watkins & Gallagher, for appellee.

Mr. Justice Compton delivered the opinion of the court.

This was a bill by Haller against Willamowcz, for an account of their dealings as co-partners in the tanning business. At the final hearing a decree for $583 18 was rendered against Haller, from which he appealed.

In the court below, several exceptions were taken, which are relied on here as grounds for a reversal; and in the order in which we propose to consider them, the first to be noticed is a

claim urged by Haller for damages sustained by the co-partnership, in consequence of the alleged misconduct of Willamowicz.

By the articles of co-partnership it was stipulated that Haller—who was a tanner by trade—should have the charge and control of the tan yard, and the stock in it, and should devote all his time and attention to the business of the yard, bestowing his personal labor and superintendence in all its operations; and that Willamowicz should keep the books, and give his attention to the financial affairs of the concern. It is charged that, in violation of this clause of the articles, Willamowicz, against the earnest objection of Haller, employed a mechanic to build vats for the use of the yard, from whose defects, owing to the unworkmanlike manner in which they were built, and the injury done to certain tunnels in the construction of the vats, the co-partnership sustained a loss. Conceding that Haller had, according to the written stipulation between the parties, the exclusive control of the joint business; so far as regarded the process of tanning, or the preparation for it, and recognizing, as we do, the soundness of the principle, that where the partnership articles provide that one partner shall exclusively manage all the affairs of the concern, or any particular department of the business, and the other partner positively violates such provion by intermeddling where he has bound himself not to intermeddle, and the co-partnership thereby sustains losses or damages, they are to be borne exclusively by such intermeddling partner, still, on the principle, equally well established, that the articles of partnership, however stringent, are liable, in the view of a court of equity, to be qualified or waived, either *pro tanto*, or in whole, by the assent of the partners, expressed or implied from the acts and transactions of the co-partnership, (*Coust vs. Harris*, 1 *Turner & Russell*, 496; (11 *Eng. Ch. Rep.* 209;) *Story on Part.*, sec. 192,] the decision of the chancellor, disallowing the claim, upon the state of case before him, was right, because it is conclusively shown by the evidence, that Haller expressly assented to the employment of

a mechanic by Willamowicz to build the vats, and that they were built under his immediate observation. If he knew the vats were being improperly constructed—and he alleges he did—it has not been made to appear that he took any steps to arrest the work, or that he even communicated the fact to Willamowicz: The testimony—so far from establishing the allegations of the bill in this particular—tends to show that if damage was sustained, it was owing to the negligence of Haller, rather than to the misconduct of Willamowicz.

2. The chancellor also properly disallowed the item claimed as damage, arising from the maltreatment of the horses. According to the articles of partnership, Haller was to furnish, at his own expense, horses necessary to grind bark for the tan yard. The horses supplied were the individual property of Haller—they did not belong to the co-partnership—and if they were injured by Willamowicz, Haller had his remedy at law.

3. By agreement between the partners, Lewis Wehl was employed to superintend the yard in Haller's stead, and at his individual expense. The item of $372, paid him for his services, was correctly allowed as a charge against Haller.

4. Haller was properly denied compensation for his services. Partners are not entitled to charge for their services in the care and management of the business of the co-partnership, unless there is a special agreement to that effect, or unless such an agreement can be implied from the course of the business; and there is none such in this case.

5. There is no evidence in the record conducing to show that Haller was denied access to the co-partnership books. We cannot infer that he was not permitted to inspect the books merely because Willamowicz, as book keeper, had charge of them. It was, therefore, correctly ruled that the entries made in the books of the firm, were evidence for and against each of the partners, and especially so, when, as in *Roberts vs. Totten*, 13 *Ark.* 609, the entries were supported by the answer of Willamowicz, from whom discovery was sought.

As to the last exception, it may be remarked, that if there

was error in the ruling of the court, it was not to the prejudice of Haller. Under the articles of co-partnership, Haller was to be charged, at the expiration of the co-partnership, with one-half the cost of such improvements as were made upon the tan yard, as also one-half the cost of such tools as were furnished during the continuance of the co-partnership, which was $328 53; but the court charged him with one-half the actual value of the entire improvements and tools appertaining to the yard, which was $250. He was clearly chargeable with the one sum or the other, and being charged with the lesser, he was not prejudiced and cannot complain.

The decree is affirmed.

Mr. Justice FAIRCHILD did not sit in this case.