SILVANUS SMITH & another *vs.* BENJAMIN F. BUTLER.

Suffolk.    January 15, 1895. — June 20, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Action — Equity — Co-owners — Disbursements by Ship's Husband.*

A ship's husband made disbursements above earnings for whatever was necessary
for the business during a series of voyages.   He was a part owner of the vessel
at the time, but had sold his share.   He sued one part owner at law for his pro-
portion, there being other part owners not settled with.   *Held,* that the action
could not be maintained, but that the only remedy was in equity, notwithstand-
ing St. 1887, c. 383.

HOLMES, J.   This is an action brought by ship's husbands
against a part owner to recover from him his share of disburse-
ments made by the plaintiffs over and above the ship's earnings.
One of the plaintiffs, Smith, was also a part owner during the
time of the disbursements, although he had sold his share be-
fore this action was brought.   The disbursements were made
in foreign commerce during a series of voyages, and covered
whatever was necessary for the transaction of the business.
Nothing more specific appears as to their nature.   We under-
stand from the report that there are other part owners not
settled with.

Under such circumstances the only proper remedy is a bill
for an account, joining all the part owners who are interested
in the decision as to the sums to be paid by them severally.
Undoubtedly part owners of a vessel are not partners in the
vessel, and it may be, as has been held in England, that an
advance by a ship's husband distinctly appearing to have been
made for the outfit of the vessel alone ought to be treated as
a loan to the several owners individually.   *Helme* v. *Smith,* 7
Bing. 709.   Very possibly there are other cases where a ship's
husband can sue the part owners individually, or be sued by
them.   But even in England it has been held that repairs for
a particular adventure may, if not must, be brought into the
account as a quasi or true partnership charge.   *Green* v. *Briggs,*
6 Hare, 395, 405, 406.   *Alexander* v. *Simms,* 5 DeG., M. & G. 57,
65.   *Japp* v. *Campbell,* 57 L. J. Q. B. 79, 81.   And we believe

that there is a general agreement that, subject to some possible exceptions, the sums to be paid between several part owners in respect of a particular adventure must be settled in equity. We are of opinion that this case falls within that principle. *Starbuck* v. *Shaw*, 10 Gray, 492. *Maguire* v. *Pingree*, 30 Maine, 508. *Hardy* v. *Sprowl*, 33 Maine, 508. *Dodge* v. *Hooper*, 35 Maine, 536. *Bovill* v. *Hammond*, 6 B. & C. 149. *Vanner* v. *Frost*, 39 L. J. Ch. 626. Maclachlan, Shipping, (4th ed.) 106.

This objection to the maintenance of the present action was not pleaded formally as such, but the fact that there were other owners interested in the account was alleged, and the inability of a court of law to deal with the case is a manifest consequence of that fact. This inability remains unchanged by legislation. See *Worthington* v. *Waring*, 157 Mass. 421.*

*Judgment set aside.*

*C. T. Russell*, (*A. H. Russell* with him,) for the defendant.
*E. P. Carver*, for the plaintiffs.

---

* This case decides that the intention of St. 1887, c. 383, entitled " An Act relating to the practice in civil actions in the Supreme Judicial and Superior Courts," is that each proceeding under it must be treated either as an action at law or as a suit in equity, with the incidents which, by established practice, or by other statutes, attach to the particular action or suit, and that the pleadings and procedure must conform to this view.