JOSEPH L. McLAUTHLIN & another *vs.* SILVANUS SMITH & another.

Suffolk.    March 13, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Action between Co-owners for Earnings of Vessel.*

The relation of quasi partnership between shipowners is, generally, only for the adventure, and, where accounts are settled and a balance struck at the end of each voyage, an action at law may be maintained by one part owner against the managing part owner for his share of the earnings of the vessel.

CONTRACT, on an account annexed by the joint part owners of a vessel against the managing part owners of the same vessel, to recover the plaintiffs' share of her earnings on two voyages made in 1889.   Writ dated July 17, 1893.

At the trial in the Superior Court, before *Mason*, C. J., the plaintiffs offered to prove that then, and in 1889, they were joint part owners of a vessel of which, during the same period, the defendants were managing part owners; that the vessel was engaged in freighting voyages, and that at the end of each voyage, and at stated periods, the accounts of the vessel were made up by the defendants, and after the deduction of the expenses and commissions from the receipts, the surplus, if any, was proportionately divided among the various part owners; that in April, 1889, the defendants sent to the plaintiffs an account of the vessel's earnings on a voyage to Calcutta, which concluded with the statement, "Your 2/64 of dividend we place to the credit of your account, $256.12," and in June, 1889, a

similar account was sent, concluding with the statement, "We credit your account for $16.90"; that the dividends of those dates were paid to the other part owners of the vessel, and that dividends of subsequent voyages were declared and paid by the defendants to the other part owners, including the plaintiffs; and that on neither of the above dates, nor at the commencement of this action, were the plaintiffs indebted to the defendants, nor were there any matters of account open between the defendants and the other part owners.

At the request of the defendants, the judge ruled that the facts which the plaintiffs offered to prove were not sufficient to entitle them to maintain their action on the pleadings, and directed a nonsuit. The plaintiffs alleged exceptions.

*A. H. Russell*, for the plaintiffs.

*E. E. Blodgett*, for the defendants.

HOLMES, J. The whole question is whether we are to understand that the account between the parties was one continuous account current, or that each voyage was, so to speak, a separate partnership, to be wound up by itself. If the former, the case is governed by *Smith* v. *Butler*, 164 Mass. 37; if the latter, then, as the accounts have been settled, a balance struck, and the other part owners paid, the plaintiffs can maintain the action. *Sikes* v. *Work*, 6 Gray, 433. The offer of proof was not very distinct on this point; but as generally the relation of quasi partnership between shipowners is only for the adventure, and as in this case accounts were made up at the end of each voyage, we understand each voyage to have been a separate matter, even if the dividends of different voyages were credited to the plaintiffs successively on the same sheet of the ledger.

*Exceptions sustained.*