LYSANDER N. PAINE & another vs. JOSEPH S. SILVA.

Suffolk.   March 23, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Contract — Equity — Co-owners of Fishing Vessel.*

In an action of contract against one of two owners of a vessel to recover for neces-
sary supplies furnished for a fishing voyage, it appeared that as to a portion of
the account the defendant personally ordered the articles and directed them to
be charged to the vessel; that the rest seemed to have been furnished upon the
master's orders, at the request of the defendant or of an agent of the two own-
ers, and that the owners remained in control of the vessel, which was sailed on
a certain lay, by which the master received a commission from the proceeds of
the fish caught, and then, subject to certain other deductions, the proceeds were
divided between owners and crew in a fixed proportion.  *Held*, that the action
could be maintained.

CONTRACT, against one of two owners of the schooner Gertie
Winsor, to recover for necessary supplies, mainly rigging and
fishing gear, furnished for a fishing voyage.   Trial in the Supe-
rior Court, before *Lilley*, J., who directed a verdict for the de-
fendant; and the plaintiffs alleged exceptions, the nature of
which appears in the opinion.

*E. P. Carver*, for the plaintiffs.

*W. A. Morse & W. W. Stover*, for the defendant, submitted
the case on a brief.

HOLMES, J.   The defendant was one of two owners, but the
non-joinder of the other is not pleaded in abatement, and is not
relied on.   *Wilson* v. *Nevers*, 20 Pick. 20.   *Edler* v. *Thompson*,
13 Gray, 91.   It is suggested that the suit ought to be brought
in equity, but of course the rule laid down in cases like *Smith* v.
*Butler*, 164 Mass. 37, as to proceedings between part owners, has
no application to a suit by a stranger to the vessel upon an inde-
pendent contract.

The only question open to argument is whether the defendant
was a party to the contract.   As to a portion of the account, the
defendant personally ordered the articles, and directed them to
be charged to the vessel.   The rest seems to have been furnished
upon the master's orders, at the request of the defendant, or of
an agent of the two owners.   It would be going a great way to
say that such a request coming from the general owners did not

purport to invite a contract with them personally, even if the vessel were let to other persons as owners *pro hac vice*, as in *Baker* v. *Huckins*, 5 Gray, 596, and *Rich* v. *Jordan*, 164 Mass. 127, at least for the necessary rigging of the vessel. See *Whitcomb* v. *Emerson*, 50 Fed. Rep. 128 ; *Swift* v. *Hall*, 121 Mass. 278. But in the case at bar there was no such letting. The general owners remained in control of the vessel. There is nothing to qualify that conclusion in the fact that the vessel was sailed on what is called the Provincetown lay, by which the master receives a commission from the proceeds of the fish caught, and then, subject to certain other deductions, the proceeds are divided between owners and crew in a fixed proportion. *Noyes* v. *Staples*, 61 Maine, 422. The case therefore stands on ordinary grounds of contract, the evidence of the requests made by and on behalf of the defendant, and also of the defendant's admissions, warranting the inference that he and his co-owner purported to make themselves primarily liable.

*Exceptions sustained.*