LYSANDER N. PAINE & another *vs.* JOSEPH S. SILVA.

Suffolk. March 15, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Contract — Liability of Owner of Fishing Vessel for Supplies — Statute of Frauds.*

At the trial of an action of contract against one of two owners of a vessel to recover for supplies furnished for a fishing voyage, there was evidence that the vessel was sailed on a certain lay, by which the master received a commission from the proceeds of the fish caught, after which, subject to certain deductions known as great generals, the balance of the proceeds was divided between the owners and the crew in a fixed proportion ; that certain articles selected by the defendant and the captain were bought by the defendant, and others were subsequently bought by the captain in the absence of the defendant; that some payments on account were made by the captain, and others by the manager for the owners ; that the defendant urged the plaintiff to get his money out of the captain, and said, " Every dollar that you get out of that captain saves me one " ; that according to the understanding between the parties all the articles, with one or two exceptions which were charged to the vessel and owners, were charged to the great generals ; and that the plaintiff looked to the owners for his pay. *Held*, that under that lay the master was not owner *pro hac vice*. *Held, also*, that there was evidence that the defendant made himself a debtor for the goods, and that his oral promise to pay therefor was not within the statute of frauds.

CONTRACT, against one of two owners of the schooner Gertie Winsor, to recover for supplies furnished for a fishing voyage. After the former decision in this case, reported in 168 Mass. 432, it was tried again in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions in substance as follows.

The vessel was sailed on what is called the Provincetown lay, by which the owners of the vessel furnish the vessel and its equipment, and from the gross proceeds of the fish caught the master receives a commission of two and one half to three per cent, after which the great generals are deducted, and from the residue the owners of the vessel receive a percentage, the small generals are deducted, and the crew is paid. The fishing gear is included in the great generals, and is deducted from the proceeds of a catch before the owners receive a percentage thereof. One of the plaintiffs testified that in December, 1894, or January, 1895, the defendant came to his store accompanied by a person who was to be the captain of the Gertie Winsor for that year, and said that he wanted some gear for the Gertie Winsor, one quarter of which he desired should be charged directly to the owners of the vessel and the balance to the crew, and that, if the crew were unable to pay, the plaintiffs could look to the captain of the vessel. The defendant expressed doubts as to the financial ability of the new captain, and suggested that he would take the defendant for security; to which the defendant replied that he was not going in the vessel, and would not be there when the voyage was settled, and that if he had to be in any way responsible the gear had better be charged to the great generals, in which case as part owner he would have to pay his share. Thereupon certain articles selected by the defendant and the captain were bought by the defendant, and subsequently goods were ordered from time to time by the same captain, and, in the absence of the defendant, by a new captain. Some of the payments on account of the goods ordered were paid by the captain, and one was paid by the defendant's manager. Toward the close of the fishing season, the witness having told the defendant that the bills which were charged to the great generals were getting larger rather than smaller, the defendant said that he intended to have the captain take out more money from each trip for the payment of the bill,

and asked the witness to go to Adams, the manager, and inform him of the conversation, and upon his doing so Adams said, " You send me a bill of the indebtedness of the great generals." The witness further testified that on a late occasion the defendant came to his store and asked if the bill was being paid, and on being informed that it was growing worse, asked the witness to try to get the captain to reduce the bill, saying, " Every dollar that you get out of that captain saves me one "; that the understanding was that the goods were to be charged to the great generals, and the witness looked to the owners for his pay; that all the goods were charged to the great generals, except certain rigging and oars, which were charged to the vessel and owners. This was all the material evidence in the case.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*W. A. Morse*, for the defendant, submitted the case on a brief.

*S. R. Jones*, for the plaintiffs.

HOLMES, J. This bill of exceptions substantially repeats the case which was here after the former trial, but this time the defendant excepts. *Paine* v. *Silva*, 168 Mass. 432. The plaintiffs' evidence was more explicit than before to conversations during the time covered by the bill, which showed that the defendant contemplated the continuous furnishing of goods to the vessel, and the charging of them to the owners, either directly or through a charge to great generals. The brief submitted for the defendant, after repeating the argument previously addressed to us, adds the suggestion that the master was owner *pro hac vice* under the Provincetown lay, a suggestion which is taken from the former decision, where it was made and repudiated. There is a further suggestion that the defendant's promise, if any, was a promise to answer for the debts of the master, and therefore was not binding because not in writing. But the ground on which the plaintiff was allowed to go to the jury was that there was evidence that the defendant made himself a debtor for the goods. There is nothing else worth mentioning.

*Exceptions overruled.*