JOHN ADAMS *vs.* MANUEL P. AUGUSTINE & trustees,
ATLANTIC MARITIME COMPANY, claimant.

Suffolk.　January 9, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Ship.　Fishing Voyage.　Provincetown Lay.　Trustee Process.*

In an action against the master of a fishing schooner for the price of supplies and
provisions, certain fish dealers to whom the defendant had sold a part of the catch
of the schooner were summoned by trustee process as trustees, and the owner
of the schooner appeared as a claimant of the funds in the hands of the trustees,
asserting that the defendant was the agent of the claimant in selling the catch
and was not the owner of the vessel *pro hac vice.* It appeared that the defend-
ant had shipped under an arrangement called the Provincetown lay, relating
to the division as compensation of the net proceeds of the voyage, which were
to be shared in certain proportions by the master, the crew and the owner.
There was evidence that the authority to hire, pay and discharge the crew and
to equip and victual the vessel was lodged in the defendant as master, that on
leaving port he was in full command of the vessel and could resort to such
fishing grounds and for as long a period as he pleased and was empowered to
sell the fish in any market he might select and to collect the proceeds. *Held,*
that the evidence warranted a finding that a contract had been proved by which
the defendant was in the exclusive possession and control of the vessel until the
completion of the voyage and that the proceeds of the sales in the hands of the
trustees belonged to him, so that the claimant was not entitled to demand or
receive such proceeds, and the trustees properly were charged with the funds in
their hands to be applied in satisfaction of the defendant's debt to the plaintiff.

CONTRACT for the price of certain supplies and provisions
furnished to the defendant, in which certain fish dealers were
summoned as trustees, and the Atlantic Maritime Company,
a corporation organized under the laws of the State of Maine,
appeared as claimant. Writ in the Municipal Court of the
City of Boston dated October 17, 1905.

In the Superior Court the case was tried before *Hitchcock,* J.,
without a jury. The defendant was captain of the fishing
schooner Georgiana, and while captain of that schooner sold a
part of a certain catch of fish to the fish dealers summoned as
trustees. The trustees answered that they had in their hands
certain funds, being the proceeds of a part of the catch, but
that they were claimed by the Atlantic Maritime Company,
alleged to be the owner of the fishing schooner, and that the

trustees were unable to determine to whom the funds belonged, and therefore prayed the judgment of the court. The Atlantic Maritime Company appeared as claimant, and alleged that it was part owner and managing owner for all the other owners of the schooner, and asserted that the funds belonged to it.

The plaintiff offered no evidence. At the close of the evidence offered by the claimant, the claimant asked the judge to rule as matter of law that on all the evidence in the case the contract between the claimant and the defendant was that of employer and employee and not that of a charter party; and that the proceeds of the catch were not subject to trustee process on a claim against the defendant.

The judge refused to make this ruling and charged the trustees. The claimant alleged exceptions.

*T. M. Vinson*, for the claimant.

*W. R. Meins*, (*S. P. Robertson* with him,) for the plaintiff.

BRALEY, J. The funds in the possession of the trustees are a part of the proceeds of a fishing catch, and the whole argument of the claimant corporation is, that under the Provincetown lay the defendant, who was the captain, acted not as an owner of the schooner for the time being, but as its servant during the voyage. By whatever general term it may be designated, the contract between the claimant and the defendant not having been reduced to writing must be gathered from the evidence given by the fleet captain, and the vice-president of the company. *Thompson* v. *Hamilton*, 12 Pick. 425, 428. In explanation of what was meant by the particular lay under which the defendant shipped, both witnesses stated that it referred to the compensation or division of the net proceeds, which were to be shared in certain proportions by the crew, the owners and the captain, who also received an additional percentage from the company. They further testified that the authority to hire, pay and discharge the crew and to equip and victual the ship was lodged with the defendant as captain, who upon leaving port was in full command of the vessel and could resort to such fishing grounds and for as long a period as he pleased. He also was empowered to sell the fish in any market which he might select and to collect the amount of such sales. To what extent, if at all, the further statement of the fleet captain that he could dis-

charge the defendant and direct his movements except as to where he should fish modified the evidence of the vice-president, given in reply to questions put by the presiding judge, that the lay related only to the method of ascertaining the compensation, became a question of fact for the consideration of the trial judge in connection with the entire evidence. Upon this evidence a finding was warranted, without which the trustees could not have been charged, that a contract had been proved by which the defendant was in the exclusive possession and control of the ship until the completion of the voyage. The provision that the company as owner was to receive a share of the profits for the charter of the schooner did not constitute him its agent, or render it liable for the wages of the crew or the expenses of the venture. *Taggard* v. *Loring*, 16 Mass. 336. *Baker* v. *Huckins*, 5 Gray, 596. *Rich* v. *Jordan*, 164 Mass. 128. *Noyes* v. *Staples*, 61 Maine, 422, 423. *Fox* v. *Holt*, 36 Conn. 567, 570. *Thomas* v. *Osborn*, 19 How. 22, 30. The claimant, therefore, was not entitled to demand and receive the avails of the fish sold by the defendant, and the trustees properly were charged. *Manter* v. *Holmes*, 10 Met. 402. *Rich* v. *Jordan, ubi supra*.

The cases of *Harding* v. *Souther*, 12 Cush. 307, and *Paine* v. *Silva*, 168 Mass. 432, and 171 Mass. 276, upon which the company strongly rely, are dissimilar. In the first case, it clearly appeared by the shipping paper that the entire control of the voyage was lodged with the defendant as the owner of the vessel, to whom the fish were to be delivered for sale, and who was to account with the master and the crew for their respective shares of the proceeds. While in the second case, although reference is made to the Provincetown lay, it is stated that the action was brought to recover for supplies furnished by the plaintiff on the personal order of the defendant as owner, or on that of the master acting as his agent. It is manifest that in these cases the terms of a contract similar to those in the present case were neither involved nor considered.

*Exceptions overruled.*