GEORGE T. HUTCHINGS *vs.* JOHN S. VACCA & others.
ROY HUTCHINGS *vs.* SAME.

Worcester.   March 27, 1916. — May 19, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* In operating automobile.   *Joint Tortfeasors.*

In an action for personal injuries sustained when the carriage in which the plaintiff was driving was run into by an automobile belonging to the defendant's brother and operated negligently by the defendant's son, there was evidence that the automobile was occupied by the defendant and his brother, his wife and his son, who were on an excursion for their common enjoyment, that the defendant's son was without a license and was "learning to drive the car," that the defendant with knowledge of his son's inexperience, shortly before the accident and as the car was approaching from behind the carriage in which the plaintiff was travelling, said, "Look out and keep on your right" and told him to "look out for the plaintiff's team because the team was right in the middle of the road" and that the driver "was trying to get on the left." *Held,* that it could be found that the directions given by the defendant were intended to control or influence the

---

* Verdicts for the plaintiffs were ordered by *Quinn,* J.

conduct of the defendant's son in operating the car and that the question of the defendant's negligence was for the jury.

In the same case there also was evidence that the defendant's brother, who owned the car, also gave directions to the defendant's son as its driver, and it was *held,* that this evidence, if believed, would not be a defence for the defendant, as it might be found that the defendant participated with his brother in the active management of the car.

BRALEY, J.  The plaintiffs, while travelling by carriage on a public way, were injured by a collision with an automobile in which the defendant Ralph Vacca, the owner, the defendant Michael Vacca, the driver, and the defendant John S. Vacca, the brother of Ralph and the father of Michael, were travelling with Pia Vacca, the wife of John.

The jury upon conflicting evidence having found for the plaintiffs against all the defendants, the case is before us on the exceptions of John S. Vacca, who contends there was no evidence which warranted a verdict against him.

We shall refer to him as the defendant.

. If he was an occupant of the car as the guest of his brother and the accident was due to the negligence of the driver over whom the defendant exercised no direction or control, his request that a verdict be ordered in his favor should have been given. *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309.  But the unlicensed driver who operated the car at the time of the accident was the defendant's son and the jury further could find that he was "learning to drive the car" and that with knowledge of his inexperience and shortly before the accident as the car was approaching the plaintiffs' team in the rear, the defendant said: "Look out and keep to the right" and to "look out for the plaintiffs' team because the team was in the middle of the road," and that the driver "was trying to get on the left;" and that these directions were intended to control or influence the conduct of the driver in properly operating the car.

If the owner of the car also gave directions to the driver, yet the jury upon all the evidence further could find that the defendant and his relatives were engaged on an excursion for their mutual enjoyment and that in common with his brother he participated in the active management of the car.  *Adams* v. *Swift,* 172 Mass. 521.

It is not contended that there was no evidence of the negligence

of the driver and the question of the defendant's liability was properly submitted to the jury.

*Exceptions overruled.*

The cases were submitted on briefs.

*T. L. Walsh, S. Friedman & T. F. Larkin,* for the defendants.

*F. B. Spellman,* for the plaintiffs.