URAEL S. ALDERMAN *vs.* CARLISLE NOBLE.

Hampden.    September 17, 1936. — November 13, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Joint enterprise, Imputed.   *Practice, Civil,* Exceptions.

Negligence of the operator of a circular saw in accelerating its speed and injuring one who was using it with him in sawing wood for their mutual benefit rendered him liable in tort to his colaborer, whatever their precise relationship; his negligence was not to be imputed to the colaborer, nor was settlement of their accounts a condition precedent to the colaborer's action at law against him.

TORT.   Writ in the Superior Court dated May 9, 1933.

The action was tried before *Burns*, J.   There was a verdict for the plaintiff in the sum of $500.   The defendant alleged exceptions.

The case was submitted on briefs.

*H. B. Putnam,* for the defendant.

*L. C. Henin,* for the plaintiff.

LUMMUS, J.   The evidence warranted a finding of the following facts: The defendant operated a farm owned by his mother.   The plaintiff occupied a house of the mother's as tenant.   By arrangement between the parties, the plaintiff cut wood on the farm on shares, stacking what was cut in two equal piles, one for himself and one for the defendant, and both parties then joined in sawing both piles, using a circular saw, owned by the defendant, which was operated by gasoline.   While they were sawing wood from the defendant's pile, the defendant negligently accelerated the speed of the saw, the plaintiff's hand was pulled into the saw, and his fingers were cut.   Without discussing the facts

in detail, it is enough to say that the judge was not bound to rule, with the burden of proof on the defendant, that either contributory negligence or assumption of risk (*Leary* v. *William G. Webber Co.* 210 Mass. 68; *Manning* v. *Prouty*, 260 Mass. 399, 402; *Engel* v. *Boston Ice Co.* 295 Mass. 428, 435) had been established as matter of law. See G. L. (Ter. Ed.) c. 152, § 67.

The judge instructed the jury, without exception, that "in order to maintain the action . . . the plaintiff must satisfy you by a fair preponderance of the evidence that the relation of master and servant or of employer and employee existed at the time that this accident happened." The verdict was for the plaintiff. The only exception of the defendant was to the denial of his motion for a directed verdict in his favor. He contends that there was no evidence that the plaintiff was his servant.

It makes no difference whether the plaintiff was the defendant's servant (*McDermott's Case,* 283 Mass. 74) or not. If he was, his right to recover is unquestionable. If not, various views of his relationship to the defendant are conceivable. He might have been conferring a pecuniary benefit upon the defendant in consideration of a similar benefit in return, without becoming technically a servant. If so, he was entitled to ordinary care for his safety. *Lyttle* v. *Monto,* 248 Mass. 340. *Foley* v. *McDonald,* 283 Mass. 96. *Nichols* v. *Rougeau,* 284 Mass. 371, 375. *Semons* v. *Towns,* 285 Mass. 96. *Woods* v. *Woods,* 295 Mass. 238. *Walker* v. *Lloyd,* 295 Mass. 507. He might be thought a partner, a joint adventurer with the defendant (*Ross* v. *Burrage,* 233 Mass. 439, 448; *Edgerly* v. *Equitable Life Assurance Society,* 287 Mass. 238, 243; *Bond* v. *O'Donnell,* 205 Iowa, 902; *S. C.* 63 Am. L. R. 901, and note), or an associate of the defendant in a "joint" or "common" enterprise. *Adams* v. *Dunton,* 284 Mass. 63, 67. 95 Am. L. R. 857. We need not distinguish these relationships carefully. In each the negligence of one associate is imputed to another, in favor of third persons.

The proposition now advanced is that one engaged in a joint or common enterprise cannot recover for personal in-

jury caused by the negligence of an associate in that enter-
prise, because the negligence of either is imputable to the
other. That has been put forward before. *Loftus* v. *Pel-
letier,* 223 Mass. 63, 65. *Adams* v. *Dunton,* 284 Mass. 63,
67. But it is a perversion of the idea of imputed negli-
gence. In certain relationships the negligence of one person
is imputed to another in favor of third persons. But a
wrongdoer cannot by a fiction of law attribute his own
wrongdoing to the victim. In the typical instances of im-
puted negligence, those of master and servant and princi-
pal and agent, the negligence of a servant or agent is not
imputed to the master or principal so as to prevent recov-
ery against the servant or agent for negligence injuring the
person or property of the master or principal. *Mechanics
Bank at Baltimore* v. *Merchants Bank at Boston,* 6 Met. 13.
*Gould* v. *Rich,* 7 Met. 538. *White* v. *Phillipston,* 10 Met.
108, 111. *Bickford* v. *Richards,* 154 Mass. 163. *Gordon* v.
*Cross & Roberts, Inc.* 287 Mass. 362. *Zulkee* v. *Wing,* 20
Wis. 408, an excellent opinion by Dixon, C.J. *Smith* v.
*Foran,* 43 Conn. 244. *Donohue* v. *Jette,* 106 Conn. 231.
*Cain* v. *American Policyholders' Ins. Co.* 120 Conn. 645, 648.
*Grand Trunk Railway* v. *Latham,* 63 Maine, 177. *Nelson*
v. *Morgan,* 2 Mart. (La.) 256. *Darling* v. *Younker,* 37 Ohio
St. 487, 493. *Laverty* v. *Snethen,* 68 N. Y. 522, 524. *Fedden*
v. *Brooklyn Eastern District Terminal,* 204 App. Div. (N. Y.)
741. *Betcher* v. *McChesney,* 255 Penn. St. 394. *Weymer* v.
*Belle Plaine Broom Co.* 151 Iowa, 541; *S. C.* Ann. Cas.
1913 A, 451, and note. Am. Law Inst. Restatement: Agency,
§ 379. As to the right of one partner or joint adventurer to
recover against another at law for negligent injury to indi-
vidual property, see *Haller* v. *Willamowicz,* 23 Ark. 566,
and *Newby* v. *Harrell,* 99 N. C. 149.

The same rule applies to persons engaged in a joint or
common enterprise. The negligence of one is not imputed
to his injured associate, so as to prevent the latter from
maintaining an action against the former. Many cases
could be cited to this effect, but a few will suffice. *White* v.
*McVicker,* 216 Iowa, 90. *Thompson* v. *Farrand,* 217 Iowa,

160.  *Garrotto* v. *Butera*, 123 Neb. 682.  *Mencher* v. *Gold-stein*, 240 App. Div. (N. Y.) 290.  *Campbell* v. *Campbell*, 104 Vt. 468.  Compare *Roschmann* v. *Sanborn*, 315 Penn. St. 188, 192.

Neither is the plaintiff to be deprived of a present remedy in tort and obliged to await a settlement of the supposed accounts of the simple relationship between the parties. Of course that is so if the plaintiff was a servant or a mere assistant.  If there was a joint or common enterprise, that does not necessarily involve any accounts or financial affairs.  *Adams* v. *Swift*, 172 Mass. 521.  *Hutchings* v. *Vacca*, 224 Mass. 269.  A joint adventure is sometimes so free from complexity that its affairs can be settled in an action at law.  *Welch* v. *Miller*, 210 Penn. St. 204.  *Lock-wood* v. *Edwards*, 46 R. I. 267.  Note, 21 Am. L. R. 60. 33 C. J. 866.  Compare *Williams* v. *Henshaw*, 11 Pick. 79; *Smith* v. *Butler*, 164 Mass. 37; *McLauthlin* v. *Smith*, 166 Mass. 131.  Even in a typical partnership, although wrongs done by one partner against the property or business of the firm cannot ordinarily be redressed in an action of tort, but must be dealt with in a settlement of the accounts (*Capen* v. *Barrows*, 1 Gray, 376, 381, 382; *Ryder* v. *Wilcox*, 103 Mass. 24; *Couilliard* v. *Eaton*, 139 Mass. 105, 108, 109), transactions between partners outside partnership affairs may be dealt with in actions of contract or of tort.  *Chamberlain* v. *Walker*, 10 Allen, 429.  *Wetherbee* v. *Potter*, 99 Mass. 354, 363.  *Martin* v. *McBryde*, 182 N. C. 175; *S. C.* 21 Am. L. R. 12, and note.  The labor of the body of a partner may belong to the partnership, but his body is his own.  An injury to it has no place in the partnership accounts.  See *Haller* v. *Willamowicz*, 23 Ark. 566; *Newby* v. *Harrell*, 99 N. C. 149.

The verdict established every fact essential to recovery. It would be idle to consider whether the evidence warranted a finding that the plaintiff was the servant of the defendant, which the judge erroneously considered necessary for the maintenance of the action.  *Freeman* v. *Robinson*, 238 Mass. 449.  *Slocum* v. *Natural Products Co.* 292

Mass. 455.   *Nickerson* v. *Allen,* 293 Mass. 136.   *Louka* v. *Park Entertainments, Inc.* 294 Mass. 268.   *Ryder* v. *Warren,* 295 Mass. 24.

*Exceptions overruled.*