Riley, J.,
The trial judge found for the plaintiff in this action of tort to recover for personal injuries. Upon sharply conflicting testimony, he found that the plaintiff, a boy 14 years of age, was a farm laborer in the employ of the defendant; that in the performance of his duties he was required to sit- in a dangerous position on the floor of the body of the defendant’s dump truck; that he sat with his back against the low side of the body with his arms outstretched' holding on to the side with both hands; that the defendant’s son, who was operating the truck, started it forward suddenly, spinning the rear wheels; that the truck was jerked forward several feet and the side on which the plaintiff was sitting was jolted upwards and the plaintiff *305 was thrown over the side on to the ground, his arm coming in contact with the revolving rear wheel, as a result of which he received a severe laceration to his right arm; that the defendant’s son was negligent in the starting and operation of the truck and his negligence contributed to cause the injury to the plaintiff; that the defendant was negligent in not providing the plaintiff with a safe place to ride if he was to be transported in the truck; that the defendant was an occupant of the truck and was sitting on the front seat with his son; that the inference is warranted that the defendant had control, allowed his truck to be started forward and operated negligently in view of the unsafe position of the plaintiff and is liable for the operation thereof and that the negligent operation of the truck by one under the control of the defendant and being provided with an unsafe means of transportation were not risks which the plaintiff assumed incidental to his employment, and that the plaintiff was in the exercise of due care.
• Giving reasons for his action in each instance, he denied the following Bequests duly filed by the defendant:
4. The plaintiff was contributorily negligent if at the time of the alleged accident he did not securely seat himself in the defendant’s motor vehicle to safeguard himself from the jerks and lurches of the defendant’s motor vehicle dumptruck while traveling, starting or stopping on a private way, which was not a smooth way, and which was located on the defendant’s premises.
7. The plaintiff cannot recover by mere proof of ordinary or simple negligence on the part of the defendant, his servants or agents.
8. Upon the law and all the evidence, a finding should be made for the defendant, because:
(a) The mere happening of an accident is not in itself sufficient evidence of negligence to permit recovery by the plaintiff.
*306 (b) That the plaintiff contributed to his injury by his own negligence.
(c) That the plaintiff, if an employee, assumed the risk incidental to his employment.
(d) That the plaintiff failed to show that the defendant, his servants or agents, were guilty of any negligence in the operation of the dump-truck.
10. If the plaintiff was an employee of the defendant, he assumed the ordinary risks incidental to his employment, and injuries received by the plaintiff through ordinary or simple negligence of a fellow servant in the performance of a duty incidental to the plaintiff’s employment, bars the plaintiff from recovery against the defendant.
. As the plaintiff was a farm laborer, the defendant was entitled to his common law defences that the plaintiff himself was negligent, that the injury was caused by the negligence of a fellow employee and that the plaintiff had assumed the risk of his injury. G. L. (Ter. Ed.) Chap. 152 Secs. 66 and 67. Stone’s Case, 290 Mass. 530. The trial judge ruled correctly on Bequests to this effect filed by the defendant.
He denied the 4th Bequest as being based upon assumption of facts found contrary by the court. We construe this to mean that he rejected the defendant’s assumption that the plaintiff did not securely seat himself in the defendant’s motor vehicle or found as a fact that the plaintiff was in the exercise of due care in seating himself in the vehicle. In any event, on the findings made by the judge in reference to the plaintiff’s conduct, he was not required to give this ruling as matter of law. Contributory negligence in all actions for injuries to person is an affirmative defence with the burden resting on the defendant, G. L. (Ter. Ed.) Chap. 231, Sec. 85, and with rare exceptions presents an issue of fact. O’Connor vs. McKeown, 270 Mass. *307 432, 435 and cases cited. This is not one of the rare cases. Moat vs. Magrath, Mass. A. S. (1935) 2661, 2664 and cases cited.
The defendant’s 7th Request was properly denied. The judge having found on warrantable evidence that the plaintiff was an employee of the defendant, nothing greater than ordinary negligence needed to be proven to establish liability. Alderman vs. Noble, Mass. A. S. (1936) 2117, 2118.
As to the 10th Request, it was granted as a correct statement of law but inapplicable in view of the finding by the court. In respect to assumption of the risk, the judge found that the negligent operation of the truck by one under the control of the defendant and being provided with an unsafe means of transportation were not risks which the plaintiff assumed as incidental to his employment. We do not think the judge was bound to rule as matter of law that the plaintiff assumed the risk, either contractually or voluntarily. If the defendant relied on a voluntary assumption of the risk by the plaintiff, he was bound to set it up in his answer, which he did not do, and the burden was on him to prove such assumption of the risk. Manning vs. Prouty, 260 Mass. 399, 402 and cases cited. Furthermore, the evidence did not require a finding that the plaintiff voluntarily put himself in a place of danger with knowledge and full appreciation of such danger. Ordinarily one does not expect, when sitting in a truck and grasping both sides for security, that he will be thrown out of the truck by the operation thereof even on a rough and stony way. It is also to be borne in mind that the plaintiff was but 14 years of age and is not shown to have been particularly familiar with the operation of a motor vehicle. We do not think this is one of the unusual cases where it can be ruled as matter of law that risk of injury was voluntarily assumed. Engel *308 vs. Boston lce Co., Mass. A. S. (1936) 2041, 2048 and cases cited. O’Brien vs. Bernoi, Mass. A. S. (1937) 681, 683.
Neither do we think that the evidence required a ruling that the plaintiff contractually assumed the risk of injury in riding in this motor vehicle of the defendant. Upon the findings of the trial judge the plaintiff’s injury was caused by the negligent manner in which the driver of the defendant’s motor vehicle operated the saíne. In view of the fact that he had just come to work for the defendant and this was his first trip in the vehicle, it could not be said conclusively that this method of operation of the vehicle was obvious to the plaintiff or should necessarily have been contemplated by him. Engel vs. Boston Ice Co., Mass. A. S. (1936) 2041 and 2044 and cases cited.
It is true that the negligence of a fellow servant is one of the risks which the plaintiff in this case assumed and that if his injury was caused solely by the negligence of a fellow servant he cannot recover in this action. As we have said, the court ruled that the defendant was entitled to the defence that the plaintiff’s injury was caused by the negligence of a fellow servant. There is no specific finding by the judge as to whether or not the defendant’s son, who was operating the truck, was a fellow servánt of the plaintiff. The evidence shows that the defendant was sitting on the seat of the truck with his son Paul, who was driving the truck, and that another son was sitting in the rear of the dump truck with the plaintiff and that they were all going’ to a part of the defendant’s farm to do some farm work. The age of the defendant’s son Paul does not appear nor is there any evidence that he was in the employ of the defendant. On this evidence, we do not think a finding was required that the defendant’s son Paul and the plaintiff were fellow employees.
*309 Assuming, however, that they were, the trial judge found that the defendant was sitting in the front seat of the truck with his son and inferred that the defendant had control of the vehicle and allowed it to be started forward and operated negligently. If the defendant was negligent he might still be held liable although the negligence of a fellow servant of the plaintiff contributed to his injury. Unless the injury was caused solely by the neglect of his fellow servant the plaintiff still would be entitled to recover. Myers vs. Hudson Iron Co., 150 Mass. 125, 137. Griffin vs. B. & A. RR., 148 Mass. 143, 145 and cases cited. The defendant contends that the evidence did not warrant the inference of the court that the defendant was in control of the truck in which the plaintiff was riding. We cannot agree with this contention. In Levangie vs. Gutterson, 289 Mass. 287 at 290, it is said “The fact that the plaintiff was riding in her own automobile while her son was operating it was enough, standing alone, to warrant the finding that she retained the right, arising from her ownership, to control its operation.” See also Wheeler vs. Darmochwat, 280 Mass. 553. While the case is close on the issue of the personal negligence of the defendant in the control of the truck, we think it was a question of fact for the trial judge. Wheeler vs. Darmochwat, 280 Mass. 553 and cases cited. Hutchins vs. Vacca, 224 Mass. 269. There is no evidence that the defendant attempted to restrain his son in the usual operation of the truck described by the evidence which, while short in period of time, was sufficient to apprize the defendant of its dangerous consequences. While the plaintiff’s injury seems to have been caused by the improper operation of the truck rather than the unsafe means of transportation, as also found by the court, we do not think this latter finding, even if unwarranted, vitiated the finding made upon *310 the evidence and correct principles of law. Alderman vs. Noble, Mass. A. S. (1936) 2117, 2120 and cases cited.
What we have said disposes of the defendant’s 8th Request which in effect asks.for a ruling that the plaintiff cannot recover as matter of law upon the evidence. It was denied as based upon an assumption of fact not found by the court. The judge made findings of fact contrary to the contentions of the defendant as set out in the specifications in this Request and we cannot say that these findings were unwarranted as matter of law.
Consequently, no error appears in the refusal by the trial judge of the defendant’s Requests for Rulings and the Report is ordered dismissed.