[Department Two. — January 19, 1884.]

## MARY L. JONES, RESPONDENT, v. H. W. SNOW ET AL., APPELLANTS.

PROMISSORY NOTE—PAYMENT—VERBAL AGREEMENT.—In an action upon a promissory note the defendant, under a plea of payment, may prove a verbal contract between himself and the payee, contemporaneous with the making of the note, that the same should be paid by orders to be drawn upon the maker by the payee, and by the payment of premiums upon certain insurance policies, and that such orders and premiums were paid.

EVIDENCE—TRIAL COURT—PRESUMPTION.—Where it appears that a trial court excluded evidence which should have been admitted, an appellate court will not presume that such evidence was considered in arriving at the decision.

APPEAL from a judgment of the Superior Court of the county of Los Angeles, and from an order denying a new trial.

The facts are stated in the opinion.

*T. C. Van Ness*, and *Gardiner & Stephenson*, for Appellants.

*Robert W. Scott*, for Respondent.

THORNTON, J.— This action was brought by the assignee of the payee on a promissory note dated January 20, 1880, for $1,078.20, payable one day after date, without grace, with interest at the rate of one and one quarter per cent per month until paid. The defendants, who are the makers of the note, pleaded payment in full before its assignment, which assignment was made after its maturity. Judgment was rendered for plaintiff for $570.50 and costs, whereupon defendants moved for a new trial, which was denied. Defendants thereupon

appealed from the order denying their motion and from the judgment.

A bill of exceptions found in the record shows that the plaintiff made out a *prima facie* case, whereupon the defendants, to establish their plea of payment, offered in evidence the deposition of defendant H. W. Snow, regularly taken, to which plaintiff's counsel objected, on the ground that it was irrelevant and immaterial, and on the further ground that the answers were evasive. The court admitted the deposition in evidence, with the exception of what follows here:—

"Question: State what, if any, payments you made upon that note. To which witness answered: When the second note was given (meaning the note on which this action was brought), it was agreed between Jones and myself that I should pay the interest and such principal as I could by orders on me, and by paying the premiums due from Jones on certain insurance policies. This I did by paying orders drawn on me by Jones and paying premiums upon insurance policies held by Jones. The total amount of payments so made by me was $522.47."

This ruling is assigned for error, and we are of opinion that the point is well taken. We cannot see by what canon of evidence the ruling could be sustained. It did not in any manner vary the contract as embodied in the note. The note in all its terms was admitted by it as existing and effectually binding the makers. It was not offered to show that the payment of the note was to be postponed until it was made in the way stated in the agreement. It was offered in connection with testimony tending to show actual payment of $522.47. The agreement was made with Jones, the payee, and was substantially this: That payments made in the mode designated should be regarded as payments made on the note, as long as the note remained unpaid and under the control of Jones, the payee and assignor of the plaintiff. Without such agreement, the sums making up the $522.47, when disbursed even at the request of Jones, the payee, only created the relation of debtor and creditor, and did not constitute as between the payee and defendants payments on the note. In an action brought against defendants by the payee, they might have been set up as a counter-claim; and if they might have been set up in the same manner against the

plaintiff, they were not so pleaded. But they were admissible in evidence under the defense of payment, and ruling them out was error.

But it is urged that as there was no proof that they were made before assignment to the plaintiff, there should be no reversal. We cannot concur in this view. The very ground on which they could be sustained as payments, viz., the agreement, was put out of the case by the ruling of the court below, and proving that they were made at any time would not have sustained the plea of payment, for the reasons above given.

It is further urged that the agreement was void by reason of want of consideration. This we do not admit, for there was promise for promise; but conceding that the agreement was in its inception without consideration, Jones had the benefit of it when the money was paid by Snow, and ought not now to be heard to say that there was no consideration. If A. proposes to B. that if he will render a certain service for him in a given period, he will pay him a sum of money, and B. makes no promise to render it, yet if he does render the service within the period, we do not think that A.'s plea of *nudum pactum* would or should receive much consideration in a court of law.

A still further contention is put forth why there should be no reversal. It is said that the court allowed payments amounting to $930; and as every intendment must be made to sustain the rulings of the court *a qua,* therefore it must be presumed in this court that the $522.47 were included in the sum allowed. But we are powerless to presume anything which would contradict the record. And as the record shows that these payments were excluded from its consideration by the court, we could hardly be justified in presuming that they cut any figure in the conclusions reached by it. We should go far astray to hold that the trial court, in making up its judgment, considered evidence which it excluded.

It follows from the above that the judgment and order must be reversed and the cause remanded for a new trial, and it is so ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.