

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 11, 1949.

Hon. Ray Kirkpatrick, Chairman
House Appropriations Committee
51st Legislature
Austin, Texas

Opinion No. V-827.

Re: Constitutionality of pro-
posed H. B. 42, 51st Leg-
islature, approving action
of Stephen F. Austin State
Teachers College in exer-
cising option to buy cer-
tain real property, and
making appropriation there-
for.

Dear Mr. Kirkpatrick:

On behalf of the House Appropriations Commit-
tee, you have submitted a copy of proposed House Bill
No. 42, an Act approving the action of the governing
board of Stephen F. Austin State Teachers College in ex-
ercising its option to buy certain real property, known
as the Muckleroy Farm, for the development of the col-
lege department of forestry and agriculture, and making
an appropriation of $25,000.00 for the purchase thereof.
Your submitted question:  Is said bill constitutional?

Article 2645, V.C.S., requires that "agricul-
ture shall be taught in each of the State Teachers'
Colleges."  Under subsection 3 of Article 2647, the gov-
erning board of teachers colleges may determine what
subjects of study shall be pursued, but shall not change
any department of instruction provided by law.

Subsection 9 of Article 2647 provides as fol-
lows:

"Power and authority is hereby conferred
upon said board of regents to acquire by pur-
chase or condemnation for the use and benefit
of any of the State Teachers' Colleges, such

lands within the counties where such schools
may be located, as said board may deem expe-
dient for the use of any of said schools for
purposes necessary in the conduct thereof."

The special fund established by the College
Building Amendment (Tex. Const. Art. VII, Sec. 17) is
created "for the purpose of acquiring, constructing and
initially equipping buildings or other permanent im-
provements at the designated institutions of higher
learning." Stephen F. Austin State Teachers College is
one of the institutions designated. The Amendment also
provides that colleges which participate in such fund
"shall not thereafter receive any other state funds for
the acquiring or constructing of buildings or other per-
manent improvements for which said Five (5¢) Cents ad
valorem tax is herein provided, except in case of fire,
flood, storm or earthquake occurring at any such insti-
tution. . ."

The express purpose, clear and unambiguous,
of Section 17 of Article VII is to provide for the ac-
quiring, constructing and initially equipping of build-
ings or other permanent improvements, at the designat-
ed colleges. The Legislature is not precluded by its
provisions from making appropriations for the purchase
and acquisition of additional land for the designated
institutions, nor is it so precluded by any other law,
statutory or constitutional, of which we are apprised.
The Amendment specifically prohibits appropriations of
other State funds for the purposes covered therein.
It does not prohibit appropriations for additional land.
In our opinion, the phrase "or other permanent improve-
ments" found in Section 17 may not properly be construed
to mean or include land; such a construction would be
strained and unwarranted, violative of accepted rules of
construction.

"Land" in the usual and legal sense is not
treated as an improvement. Land "legally includes all .
. . houses, and other buildings, for they consist of two
things--land, which is the foundation, and the structure
thereupon." Fidelity Cotton Oil & Fertilizer Co. v. Mar-
tin, 136 S.W. 533; McGee Irrigating Ditch Co. v. Hudson,
22 S.W. 967; Reynard v. City of Caldwell, 42 P.2d 292,
296; 24 Words & Phrases, (Perm. Ed.) 134-140. See also
Articles 7146, 7319, V.C.S.

Land, however, may be improved and enhanced in value by the addition of buildings, structures, fences, and other like improvements of a permanent character, affixed or situated on the soil, which, when they are added, will be recognized as a part of the land. 32 Words & Phrases, (Perm. Ed.) 113-116; Articles 7146, 7319. The term "permanent improvements" is concisely defined in <u>Pritchard v. Williams</u>, 106 S.E. 144 as follows:

> "'Permanent improvements' to land include all improvements of a permanent nature which substantially enhance the value of the property and, property being a farm, includes . . . dwelling house, barns, and stables. . . fencing . . . wells . . . orchards . . . provided that they enhance the value of the property, but do not include repairs to buildings which should be made by the owner in the ordinary use of the property."

It is the acquisition of such permanent improvements as distinguished from the acquisition of additional land as improved which, we think, is contemplated in the Amendment, Section 17 of Article VII.

We are not advised, nor have we assumed, that there have been buildings or other permanent improvements placed or erected on said land by the owner at the suggestion of the college in order to greatly enhance its value prior to the contemplated purchase, and in order to acquire by indirection buildings or other permanent improvements with funds in violation of the provisions of Section 17 of Article VII.

We have not before us a situation where the college is desirous of purchasing land on which to build one of the buildings or other permanent improvements mentioned in the Constitution. That matter may be disposed of when it arises. We are assuming that the land in question is of a different character.

Accordingly, we advise that House Bill No. 42 is constitutional.

## SUMMARY

House Bill No. 42, proposed by the 51st Legislature, approving action of Stephen F. Austin State Teachers College in exercising option to buy certain real property and making an appropriation therefor, is constitutional. It does not violate Section 17 of Article VII, Constitution of Texas. Arts. 2645, 2647, subsection 3, V.C.S.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:bh

APPROVED *Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL